CARL O. HARDING vs. STATE BOARD OF PAROLE.

Suffolk.   May 13, 1940. — November 1, 1940.

Present: FIELD, C.J., DONAHUE, DOLAN, COX, & RONAN, JJ.

*Practice, Criminal,* Sentence, Service of process.   *Permit to be at Large. Prisoner.*

Under the pertinent statutes, a prisoner in the State prison whose permit
to be at large had been revoked and upon whom there then had been
imposed, on a new charge, a sentence to confinement in that prison
for a term of minimum and maximum duration which made no men-
tion of the previous sentence, properly was required, on the termina-
tion of the minimum term under the second sentence, to remain in
confinement under the first sentence; the two sentences were not
concurrent.

No service of a warrant or order of the board of parole revoking a permit
to a prisoner in the State prison to be at liberty was required to make
it effective as to one who was in confinement there under a sentence
imposed upon a later charge.

PETITION, filed in the Superior Court on October 16, 1939,
for a writ of mandamus.

The case was heard by *Collins,* J.

*W. R. McGinn,* for the petitioner.

*R. Clapp,* Assistant Attorney General, for the respond-
ents.

DOLAN, J.   This is a petition for a writ of mandamus
under which the petitioner, now serving a sentence of im-
prisonment in the State prison, seeks to compel the mem-
bers of the respondent State board of parole to grant him
a permit to be at liberty.   The case comes before us on
the petitioner's exception to the "finding and ruling" of
the judge of the Superior Court hereinafter set forth.

All the material evidence in the case is set forth in the
bill of exceptions and tends to show the following facts.
On October 21, 1926, the petitioner was sentenced to the
State prison for a term of not more than ten nor less than
three years for the crime of larceny and was duly com-

mitted.  See *Harding* v. *Commonwealth,* 283 Mass. 369.
On April 22, 1929, having served two and one half years of
this sentence, he was released on a permit to be at liberty
under G. L. c. 127, § 131.  On October 31, 1930, while on
parole under that permit, he was arrested "by the Boston
police on suspicion."  The. following day, November 1,
1930, the State board of parole, hereinafter referred to as
the board, revoked his permit to be at liberty for "indiscreet
conduct" and issued an order "for his arrest forthwith and
return to prison" under the provisions of G. L. c. 127,
§ 148, and § 149 as amended by St. 1930, c. 60, § 2.  "This
order or warrant was, on said November 1, 1930, committed
to . . . [a sergeant] of the Boston police for service."  On
the same day "the petitioner was arraigned in court and
remanded to the Charles Street Jail."  On January 28,
1931, the petitioner was found guilty on two counts of re-
ceiving stolen property, and on January 29, 1931, was sen-
tenced thereon to the State prison for a term of not more
than eight and not less than five years, and he was removed
to the State prison.  The judgment of the court made no
reference to the previous sentence.

At the expiration of the minimum term of that sentence
on January 28, 1936, the "order or warrant of the parole
board of November 1, 1930, was served upon the petitioner"
within the State prison "following a customary procedure."
It was served by a special State police officer.  Thereafter
the prisoner was held in the State prison under the sen-
·tence of 1926 until March 4, 1936, when he was released
by the board on a permit to be at liberty under the first
sentence.  (G. L. [Ter. Ed.] c. 127, § 131.)  Subsequently
he was returned by the board to the State prison (the bill
of exceptions does not show when).  "In accordance with
G. L. (Ter. Ed.) c. 127, § 130, as amended by St. 1938,
c. 264, the petitioner is entitled to a minimum reduction
from the maximum term for which he may be held under
his sentence of seven hundred twenty days."

The judge made the following "finding and ruling":
"On the evidence presented I find that the respondents did
issue an order for the arrest of the petitioner, which order

of arrest was not served on said petitioner until January 28, 1936. Accordingly, I believe as a matter of law the writ should not issue. If, however, the issuance of said writ is within my discretion, it is denied."

The determinative issue is whether the prior sentence of the petitioner ran concurrently with the subsequent one. G. L. (Ter. Ed.) c. 279, § 8, provides as follows: "A convict upon whom two or more sentences to imprisonment are imposed may be fully committed upon all such sentences at the same time, and shall serve them in the order named in the mittimuses upon which he is committed; but when fine and imprisonment are named in one of the sentences the prisoner shall always be committed upon the term sentence first." The sentences involved in the present case were not pronounced at the same time and the judge in imposing the later sentence made no reference to the prior sentence. G. L. (Ter. Ed.) c. 279, § 8A, provides: "For the purpose only of determining the time of the taking effect of a sentence which is ordered to take effect from and after the expiration of a previous sentence, such previous sentence shall be deemed to have expired when a prisoner serving such previous sentence shall have been released therefrom by parole or otherwise. Nothing in this section shall be construed to alter or control any provision of section one hundred and thirty-one or one hundred and forty-nine of chapter one hundred and twenty-seven." Under G. L. c. 127, § 149, as amended by St. 1930, c. 60, § 2, if a permit to be at liberty, granted or issued by the board of parole, has become void or has been revoked, the board may order the arrest of the holder of the permit by any officer qualified to serve civil or criminal process in any county, and the return of the holder of the permit to the prison from which he has been released; and a prisoner who has been so returned to his place of confinement shall be detained therein according to the terms of his original sentence. Section 149 also provides that, in computing the period of his confinement, the time between his release upon a permit or on parole shall not be considered as any part of the term of his original sentence, and that, if at the

time of the order to return to prison or the revocation of his permit he is confined in any prison, service shall not be made until his release therefrom.

It is the law of this Commonwealth that the term of imprisonment begins on the day that sentence is imposed. *Commonwealth* v. *Keniston,* 5 Pick. 420. *West's Case,* 111 Mass. 443. *Commonwealth* v. *Hayes,* 170 Mass. 16. The sentence of January 29, 1931, therefore, began to run on that day; and it would seem a fair inference from a reading of the statutes just above referred to that the Legislature intended that service of the unexpired sentence of one on parole when sentenced for another crime was not to begin to run until the expiration of the term of the second sentence.

When the second sentence was imposed the petitioner was confined only under that sentence. When arraigned, convicted and sentenced in 1931, service under his prior sentence had been interrupted and suspended by his permit to be at liberty. "Thereafter, his imprisonment was attributable to his second sentence only, and his rights and status as to his first sentence were 'analogous to those of an escaped convict.' Not only had he — by his own conduct — forfeited the privileges granted him by parole, but since he was no longer in either actual or constructive custody under the first sentence, service under the second sentence can not be credited to the first" sentence. *Zerbst* v. *Kidwell,* 304 U. S. 359, 361. *Aderhold* v. *Ashlock,* 99 Fed. (2d) 67, 68, and cases cited. *Aderhold* v. *Murphy,* 103 Fed. (2d) 492, 493.

We are of opinion that the unexpired term of the petitioner's prior sentence did not begin to run until the date in January, 1936, when the minimum term of the later sentence expired.

As before stated, under G. L. (Ter. Ed.) c. 127, § 148, it is provided that the board "may" revoke a permit to be at liberty, and, under § 149 as amended, "may" order the arrest of the holder of the permit "by any officer qualified to serve civil or criminal process in any county" and the return of the holder of the permit to the prison from which

he has been released.  It is also provided under G. L. (Ter. Ed.) c. 127, § 6, that "All process to be served within the precincts of any penal or reformatory institution shall be directed to and served by the warden, superintendent, master or keeper thereof or his deputy."   The evidence discloses that the order for the arrest and return of the petitioner to serve the unexpired term of his prior sentence was served by a special State police officer within the State prison.  Nevertheless, even if on January 28, 1936, a special State police officer was not authorized by G. L. (Ter. Ed.) c. 127, § 127, to serve orders of the board for the arrest and return of the holder of a permit (see now, however, St. 1938, c. 71, under which such officers may serve warrants issued by the parole board) and conceding that process to be served within the State prison must be served as provided in G. L. (Ter. Ed.) c. 127, § 6, we are of opinion that the service of the warrant or order of the board was not as matter of law required to be made upon the petitioner who was already within the State prison.  Being within its precincts, and his permit to be at liberty having been revoked long before the expiration of the minimum term of his second sentence, when it did expire the petitioner was properly held under the terms of the prior sentence.  That sentence was and is the real authority for holding him. *Kozlowsky, petitioner,* 238 Mass. 532, 537.  *Aderhold* v. *McCarthy,* 65 Fed. (2d) 452.

The petitioner had served only two and one half years of his original sentence of not more than ten nor less than three years, when paroled on April 22, 1929.  Under G. L. (Ter. Ed.) c. 127, § 149, it is provided that a prisoner who has been returned to his place of confinement after revocation of a permit to be at liberty shall be detained therein according to the terms of his original sentence, and that, in computing the period of his confinement, the time between his release upon a permit and his return to prison shall not be considered as any part of the sentence.  Since he did not begin to serve the unexpired term of the maximum sentence (of 1926) until January 28, 1936, it is plain that he has not fully served that sentence even if entitled

to time off for good behavior under G. L. (Ter. Ed.) c. 127, § 130, as amended by St. 1938, c. 264.

*Exceptions overruled.*