Per Curiam.

It is petitioner’s contention that upon his imprisonment in the penitentiary on January 18, 1951, for felonious assault, he also at that time began to serve the unexpired term of his original sentence.
Therefore, the question presently before us is whether, where a prisoner at large on a revoked parole is convicted and sentenced for another offense, the unexpired term of his prior sentence will run concurrently or consecutively with his subsequent sentence.
The determination as to whether sentences for different offenses shall run concurrently or consecutively reposes in the discretion of the trial court. Concurrent sentences, however, require a positive act by the trial court, and, in the absence of a declaration thereof by the trial court, it is presumed such sentences will run consecutively. In Anderson, Sheriff, v. Brown, 117 Ohio St., 393, it is said in the second paragraph of the syllabus :
“Where the record is silent as to whether two or more sentences of imprisonment or fines on the same individual are to be executed cumulatively, the presumption obtains that the sentencing court intended that the prisoner should serve the full aggregate of all imprisonments or pay the full aggregate amount of all fines, or that the same should be covered by the credit al *538 lowance thereon, as provided in Section 13717, General Code. (Williams v. State, 18 Ohio St., 46, approved and followed.)”
Thus, it is presumed that petitioner’s sentences run consecutively.
Although this precise question has not previously been before this court, the same question in regard to an escaped prisoner has been determined.
In Henderson v. James, Warden, 52 Ohio St., 242, the facts as therein stated are as follows:
“On September 18, 1879, the plaintiff in error, David Henderson, was received at the penitentiary to serve a five years’ sentence from Warren County. On October 12, 1881, after serving a little over two years of that sentence, he escaped and was at large until March 16, 1891, when he was received at the penitentiary under the name of Carrol Scott, on a five years’ sentence from Cuyahoga County, but nothing was known by the Cuyahoga County court as to the prisoner’s real name being David Henderson, nor as to his former sentence, nor as to Ms escape. When he reached the penitentiary he was received and put to work as Carrol Scott, without being recognized as David Henderson by the warden; After he had been there some time, registered and working as Scott, the deputy warden recognized him as being David Henderson, but no action was taken by the warden or any one else upon such recognition, and the prisoner served out his sentence as Carrol Scott, and was discharged July 14, 1894. The warden having learned that Scott was Henderson, detained him as the escaped Henderson, and duly registered him as the returned convict, and put him to work to serve out his unexpired sentence.”
The court in the first paragraph of the syllabus states:
“An escaped convict who is convicted and sentenced to the penitentiary for another crime, may, at the expiration of the latter sentence, be held to serve out the remainder of his first sentence. ”
The petitioner in the present case was a parole violator at the time of the commission of the second offense and as such was in a position analogous to that of an escaped convict. Anderson, Warden, v. Corall, 263 U. S., 193.
The United States Supreme Court in Zerbst, Warden, v. Kidwell, 304 U. S., 359, had a case identical to the one presently *539 before us, in relation to a violation of the federal statutes. In the syllabus of that case it is stated:
“A prisoner sentenced to a federal penal institution for an offense committed while he was on parole from such an institution may be required by the parole board to serve the unexpired portion of his first sentence after the expiration of his second sentence.” See 116 A. L. R., 811.
The petitioner here urges that Section 2965.21, Revised Code, controls this situation, and that under the provisions of that section his prior sentence began to run when he was imprisoned on the second sentence. Section 2965.21, Revised Code, reads in part as follows:
“A convict who has been conditionally pardoned or a prisoner who has been paroled, who in the judgment of the Pardon and Parole Commission, has violated the conditions of his pardon or parole shall be declared a violator. In such case, the time from the date of the declared violation of his pardon or parole to the date that he becomes available for return to the institution shall not be counted as a part of time or sentence served.”
Petitioner contends that this is the only statute providing for the tolling of his sentence, and that, therefore, his sentence began to run when he was once again returned to the penitentiary.
The Supreme Court of the United States in Zerbst, Warden, v. Kidwell, 304 U. S., 359, 361, in determining a similar argument under the federal statutes, said:
“When respondent committed a federal crime while on parole, for which he was arrested, convicted, sentenced and imprisoned, not only was his parole violated, but service of his original sentence was interrupted and suspended. Thereafter, his imprisonment was attributable to his second sentence only, and his rights and status as to his first sentence were ‘ analogous to those of an escaped convict.’ Not only had he — by his own conduct — forfeited the privileges granted him by parole, but since he was no longer in either actual or constructive custody under his first sentence, service under the second sentence can not be credited to the first without doing violence to the plain intent and purpose of the statutes providing for a parole system.
*540 ‘ ‘ The parole board and its members have been granted sole authority to issue a warrant for the arrest and return to custody of a prisoner who violates his parole. A member of the board ordered that respondent be taken into custody after completion of the second sentence. Until completion of the second sentence — and before the warrant was served — respondent was imprisoned only by virtue of the second sentence. There is, therefore, no question as to concurrent service of sentences, unless — as respondent contends — Sec. 723 (c) required that the unexpired part of respondent’s first sentence begin when he was imprisoned under the second sentence. That section provides:
(<<*** p}ie Board of Parole * * * or any member thereof, shall have the exclusive authority to issue warrants for the retaking of any United States prisoner who has violated his parole. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the institution, and the time the prisoner was on parole shall not diminish the time he was originally sentenced to serve. ’
“Obviously, this provision does not require that a parole violator’s original, unexpired sentence shall begin to run from the date he is imprisoned for a new and separate offense. It can only refer to reimprisonment on the original sentence under order of the parole board. ’ ’
Clearly, petitioner here has been imprisoned under the second sentence, and such imprisonment did not relate to the unexpired portion of his prior term. Harding v. State Board of Parole, 307 Mass., 217.
Although the Ohio statutes are silent as to whether a sentence for an offense committed by a parolee shall run consecutively or concurrently with the remainder of his prior sentence, there are statutes relating to the trial and sentencing of prisoners for other offenses while they are in the penitentiary.
Section 2941.40, Revised Code, provides as follows:
“A convict in the penitentiary or a state reformatory, who escaped, or forfeited his recognizance before receiving sentence for a felony, or against whom an indictment or information for felony is pending, may be removed to the county in which such conviction was had or such indictment or information was pending, for sentence or trial, upon the warrant of the Court of Common Pleas of such county.
“This section does not extend to the removal of a convict *541 sentenced to be imprisoned for life, unless tbe sentence to be imposed or tbe indictment or information pending against him is for murder in the first degree. ’ ’
Section 2941.43, Revised Code, provides:
“If tbe convict referred to in Section 2941.40 of tbe Revised Code is acquitted, be shall be forthwith returned by tbe sheriff to tbe penitentiary to serve out tbe remainder of bis sentence. If be is sentenced to imprisonment in tbe penitentiary, be shall be returned thereto by tbe sheriff and tbe term of bis imprisonment shall begin at the expiration of tbe term for which be was in prison at tbe time of bis removal. If be is sentenced to death, such sentence shall be executed as if he were not under sentence of imprisonment in the penitentiary.”
Under these sections, such sentences run consecutively. As we have stated before, petitioner stands in tbe same position as an escaped convict. Hence, be is entitled to no greater rights than a convict imprisoned in tbe penitentiary. To validate petitioner’s argument would in effect nullify tbe penalty imposed upon him for bis prior offense and reward him, as a parole violator at large, through tbe clemency of tbe state by allowing him credit on bis prior sentence for the time served on tbe subsequent sentence.
It is true that courts frequently, where an accused is convicted of several offenses at tbe same time, provide for tbe running of tbe sentences concurrently, but tbe petitioner here is in a different position. His offenses were committed over a period of several years — tbe second one while be was at large as a result of having been granted a parole. Under such circumstances, it would appear that a penalty should be imposed rather than a reward given for the violation of such parole and tbe commission of a second offense while at large as a result of a parole. ■
In view of tbe above-cited cases, there is no basis for petitioner’s contention, and his imprisonment for tbe unexpired term of bis prior offense in no way deprives him of any constitutional rights.

Petitioner remcmded to custody.

Weyganut, O, J., Zimmerman, Taet, Matthias, Bell and O’Neill, JJ., concur.
Herbert, J., not participating.