**Franklin F. SMITH, Petitioner,**

v.

**Alex KRIMSKY, Warden, Respondent.**

United States District Court
S. D. New York.

Oct. 1, 1962.

Vincent L. Broderick, U. S. Atty., by Charles A. Stillman, Asst. U. S. Atty., New York City, for respondent.

Harold Samuel Herman, New York City, for petitioner.

DAWSON, District Judge.

This is an application for a writ of habeas corpus and for an order discharging the prisoner from further confinement.

As there seems to be no dispute as to the essential facts a hearing seems unnecessary.

The salient facts which seem to exist without dispute are as follows:

1. On November 12, 1954, petitioner was sentenced to imprisonment for seven years. Having earned good time allowance of 811 days, he was conditionally released from prison on August 23, 1959.

2. On October 20, 1960, while petitioner was still on parole, he was arrested

for violation of a federal statute, and on October 31, 1960 pleaded guilty to said crime and was sentenced to two year imprisonment on November 4, 1960. Service of this two year sentence, less earned good time, terminated on May 6, 1962.

3. On October 25, 1960 the Parole Board issued a warrant charging petitioner with violating the terms of his conditional release.

4. While petitioner was still incarcerated at the Federal Detention Headquarters, under sentence for his second crime, he was notified by the Administrative Assistant at the Federal Detention Headquarters that a parole violator's warrant had been issued, which he handed to petitioner. Apparently the Administrative Assistant did not consider that he was executing the warrant because he returned it, marked "unexecuted," to the Board of Parole.

Petitioner contends that his first sentence, on which he had been released on conditional parole and on which he was charged with parole violation, recommenced on the date that the Administrative Assistant handed him the parole violator's warrant. Petitioner is contending, in effect, that the sentence on the parole violator's warrant and on his second criminal offense ran concurrently from that date and that such sentence would have expired, with allowance for good time, on or about September 10, 1962.

■■ It is clear that a prisoner sentenced to a federal penal institution for an offense committed while on parole from such institution may be required by the Parole Board to serve the unexpired part of his first sentence after he has completed serving the sentence for his second criminal offense. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938).

There was, therefore, nothing wrong in the warden continuing to hold the petitioner for violation of his parole after the expiration of his sentence on the second criminal offense. In fact this seems to be what was done for the return of the warrant issued by the Parole Board, a copy of which is annexed to the answering affidavit, shows that the Administrative Assistant took the prisoner into custody under authority of that warrant on May 6, 1962, which was the date on which his sentence for the second crime expired.

It is the contention of petitioner that the warrant was executed when it was shown to him on November 4, 1960, and that therefore since he was in detention at the time his sentence for violation of the parole warrant must have commenced at that time. However, the statute (18 U.S.C. § 4206) with reference to the execution of a parole violator's warrant says it shall be executed "by taking such prisoner and returning him to the custody of the Attorney General." The prisoner was in the custody of the Attorney General at that time for service of a sentence on a criminal offense to which he had pleaded guilty. The fact that a prison official told him that he had a parole violator's warrant for him, and showed him that warrant, is not an indication that he was executing that warrant. In fact, the particular official in question apparently returned the warrant unexecuted. He executed it on May 6, 1962, at the conclusion of the parole violator's second criminal sentence. This was the time he took the prisoner into custody "under authority of this warrant" as he stated in his return. The prisoner, having completed his time on the sentence for his second criminal offense was then eligible either to leave the institution or to be taken into custody on the parole violator's warrant. He was taken into custody on the parole violator's warrant and detained at Federal Detention Headquarters under that warrant. Not until he has served his full sentence for his first criminal offense, on which sentence he was conditionally released and on which he violated his parole, may he be released from custody.

The application for a writ of habeas corpus is denied. So ordered.