Alexander J. WOYKOVSKY, Appellant,

v.

Richard A. CHAPPELL, Chairman, U. S. Board of Parole, Appellee.

No. 18457.

United States Court of Appeals District of Columbia Circuit.

Argued June 5, 1964.

Decided June 18, 1964.

---

928

Asst. Atty. Gen. Burke Marshall, Messrs. David C. Acheson, U. S. Atty., and Harold H. Greene, Attorney, Dept. of Justice, submitted on the brief, for appellee.

Before BAZELON, **Chief** Judge, and PRETTYMAN, Senior Circuit Judge, and McGOWAN, Circuit Judge.

PER CURIAM:

█ Appellant's principal contention on this appeal is that, where he is serving a sentence for a federal crime committed while he was at liberty by reason of a conditional release from a sentence for an earlier federal crime, he is entitled to have the parole violator warrant served and the proceeding thereon held immediately.[1] The result sought is that any unexpired portion of the sentence on the first conviction, which is reimposed by the parole board as a result of a parole revocation, should be served concurrently with the sentence imposed on the second offense. But these issues are not really open to us in the state of existing authority. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399 (1938); Jones v. Clemmer, 82 U.S. App.D.C. 288, 163 F.2d 852 (1947). See Order entered by this court on May 8, 1964, in Bartlett v. United States Board of Parole, No. 18,301.

█ The other contentions made by appellant, namely, that good time earned by him while imprisoned under the first conviction may not be affected by parole violation at all, or at least not as to that earned in respect of the completed portions of consecutive sentences, are lacking in substance and have been rejected heretofore by the courts. See, for example, Jones v. Clemmer, supra; Frierson v. Rogers, 289 F.2d 234 (5th Cir. 1961); Grant v. Hunter, 166 F.2d 673 (10th Cir. 1948); cf. Bates v. Rivers, 116 U.S.App.D.C. 306, 323 F.2d 311 (1963).

The order appealed from is, therefore, Affirmed.

1. Generally the commission of a criminal offense while on parole or on a conditional release is a ground for the revocation of the release. If the parole board decides to institute revocation proceedings, it issues a parole violator warrant. However, customarily, these are not served upon the releasee immediately, but are instead held as a detainer against the prisoner while he is serving the sentence on the new conviction.