GEORGE J. KLECZKA *vs.* COMMONWEALTH
(and a companion case[1]).

Suffolk.      December 9, 1965. — January 4, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
& SPIEGEL, JJ.

*Parole. Practice, Criminal,* Sentence.

A parole was properly revoked when the parolee committed an offence
subsequent to his release on parole. [76]
Under G. L. c. 127, § 149, there was no error in lodging a warrant revoking
a parole, without serving the warrant, in a correctional institution in
which the parolee was confined for an offence committed subsequent to
his release on parole. [76]

---

[1] Joseph M. DiCenzo *vs.* Commonwealth. In 1958 DiCenzo was sentenced
to a three to five year term. He was given a parole release in November or
December, 1959. In January, 1960, he committed a new offence, for which he
was sentenced to a new term of imprisonment for six to eight years. In
1962, while in prison he was tried for still other offences and was given further sentences. He is still serving the 1960 and 1962 sentences. A warrant
for the revocation of his parole on the 1958 sentence is lodged at the prison.

Under G. L. c. 127, § 149, a sentence of a defendant for an offence committed while he was on parole from a sentence for an earlier offence, the term of which had not expired at the time of the later sentence, was properly imposed without reference to the earlier sentence.   [76]

Two PETITIONS for writs of error filed in the Supreme Judicial Court for the county of Suffolk on April 6, 1964.

The cases were heard by *Reardon, J.*

The cases were submitted on briefs.

*Louis M. Nordlinger* for the petitioners.

*Richard W. Murphy,* Special Assistant Attorney General, *& Robert J. Kelly,* Special Assistant Attorney General, for the respondent.

CUTTER, J.   These two petitions, each for a writ of error, seek to review criminal judgments.   The cases present essentially the same question, the nature of which is sufficiently indicated by stating the facts concerning Kleczka.

Kleczka on June 12, 1963, pleaded guilty to twelve charges of larceny by means of worthless checks.   He had filed written waivers of indictment and of the appointment of counsel.   He was sentenced to imprisonment for three to five years, all sentences to be served concurrently.   The judge in imposing sentence made no reference to an earlier sentence of Kleczka in October, 1960, to a term of imprisonment for three to five years, from which he had been released on parole on December 14, 1961.   He had remained at liberty until May 28, 1963, when he was arrested for the later offences.   The parole board issued a parole revocation warrant on May 27, 1963.   This was filed with the jail in which Kleczka was confined.   No action was taken under the revocation warrant to bring about his return to prison to resume serving the unfinished 1960 sentence.   In June, 1965, he was placed upon parole from the 1963 sentences to resume serving the 1960 sentence.   In November, 1965, he was released upon parole both with respect to the 1960 sentence and to the 1963 sentences.   Kleczka assigns as error principally that he was sentenced on June 12, 1963, on the new charges, without first having been returned to prison "under a re-instatement of the term of his original [1960] mittimus."

The case was heard by a single justice who ordered the 1963 judgments affirmed. The case is before us upon Kleczka's bill of exceptions and the return of the Chief Justice of the Superior Court.[2]

1. We need not pass upon the Attorney General's contention that the 1963 judgments against Kleczka cannot be reviewed by writ of error. The petitioners' contentions cannot prevail even if considered on the merits.

2. Kleczka's parole on the 1960 sentence was properly revoked when he committed the 1963 offences. There was no error in lodging the revocation warrant (without serving it) with the institutions having him in confinement either awaiting trial for the later offences or under the later sentences. See G. L. c. 127, § 149 (as amended through St. 1946, c. 424), which is set out in part in the margin.[3] The final sentence of § 149, as amended, is conclusive of these cases. See *Harding* v. *State Bd. of Parole,* 307 Mass. 217, 220–222; *Zerbst* v. *Kidwell,* 304 U. S. 359, 362–364; *Woykovsky* v. *Chappell,* 336 F. 2d 927, 928 (Ct. App. D. C.), cert. den. 380 U. S. 916; *Smith* v. *Krimsky,* 209 F. Supp. 273, 274 (S.D. N.Y.). Various cases somewhat relied upon by the petitioners arise under different statutes, and involve different situations. See *Zerbst* v.

---

[2] The facts are set forth upon the basis of the statements of the facts in the petitioners' briefs, which the Attorney General in his consolidated brief admits to be "accurate and complete." These statements are somewhat more detailed than the facts readily to be ascertained from the bill of exceptions and the return. Counsel should have proved, or stipulated the truth of, any facts not clearly shown by the return, or should have included them in the bill of exceptions (if they were received in evidence or by oral stipulation before the single justice).

[3] Section 149 reads, "The parole board . . . if a permit to be at liberty . . . has been revoked . . . may order the arrest of the holder of such permit . . . and the return of such holder . . . to the prison to which he was originally sentenced. A prisoner who has been so returned to prison shall be detained therein according to the terms of his original sentence. In computing the period of his confinement, the time between his release upon a permit or on parole and the revocation of such permit or parole shall be considered as part of the term of his sentence, and the time between the revocation of his permit or parole and his return to . . . prison . . . shall not be considered as any part of the term of his original sentence. *If at the time of the order to return to prison or of the revocation of his permit he is confined in any prison, service of such order shall not be made until his release therefrom,* and the time served by him upon any sentence under which he is so confined shall not be considered as any part of the term of his original sentence" (emphasis supplied).

*Lyman,* 255 Fed. 609, 610 (5th Cir.); *Dickerson* v. *Perkins,* 182 Iowa, 871, 874–875; note, 65 Harv. L. Rev. 309, 313–314. See also *Ex parte Gafford,* 25 Nev. 101, 103; *In re Black,* 162 N. C. 457, 458–459.

*Exceptions overruled.*