George J. KLECZKA, Petitioner,

v.

COMMONWEALTH OF MASSACHU-SETTS and Palmer C. Scafati, Superintendent, Massachusetts Correctional Institution, Walpole, Respondents.

Misc. No. 66–46–S.

United States District Court
D. Massachusetts.

Sept. 30, 1966.

George J. Kleczka, South Walpole, Mass., for petitioner.

Willie J. Davis, Asst. Atty. Gen., Boston, Mass., for respondents.

## OPINION

GARRITY, District Judge.

The petitioner, George J. Kleczka, by petition for a writ of habeas corpus on which he has been permitted to proceed in forma pauperis, seeks release from the Massachusetts Correctional Institution at Walpole, generally called "State prison," where he is confined under a 1960 sentence which he has been serving in installments. Twice he has been released on parole and twice returned to State prison as a parole violator. Meanwhile he has been incarcerated and paroled on other charges for periods of time which he contends should have been credited against the 1960 sentence and which have not. He claims that his 1960 sentence, which the respondent considers will have been fully served about November 21, 1966, has already been fully executed.

The facts are not in dispute. The petitioner was sentenced on October 13, 1960 to imprisonment for not less than three nor more than five years for having damaged a safe containing money and valuables owned by another. On December 14, 1961 he was granted parole. While on parole he passed worthless checks and was arrested for larceny on May 28, 1963, his parole having been revoked the previous day. The warrant of revocation was lodged at the jail where he was being held in lieu of bail on the larceny charges on which he received twelve concurrent 3 to 5 year sentences on June 12, 1963, effective as of the date of arrest. The warrant of revocation followed him to State prison and was not served upon him until June 25, 1965, when he received a "paper parole," i. e., a parole without release from custody, on the 1963 sentences

The petitioner was held in State prison on the basis of the 1960 conviction from June 25, 1965 until November 18, 1965, when he was paroled from the 1960 sentence for a second time. During this five-month period of imprisonment he was technically paroled on the 1963 convictions. After November 18, 1965 he was at liberty on parole on both the 1960 and 1963 sentences.

However, on February 11, 1966 he was again arrested, this time on charges of breaking and entering, and held for the grand jury in lieu of bail.[1] On February 15, revocation warrants relating to the two earlier offenses were lodged at the jail. On March 11, 1966, he made bail, whereupon the warrant based upon the 1963 sentence was served upon him and he was returned to State prison. The warrant based upon the 1960 sentence again followed him to State prison where it was lodged but not served upon him until July 26, 1966, when he completed service of the 1963 sentence. At that time the 1960 warrant became operative again, and he commenced serving the third installment of imprisonment on that sentence, which will terminate about November 21, 1966.

Recapitulating, by February 11, 1966 the petitioner had, in the respondent's view, earned credit against the 1960 sentence totalling approximately 40 months, either in prison or while behaving himself on parole. Under G.L. c. 127 § 149 as amended, time on parole until revocation thereof is considered as part of the term of sentence and is not forfeited by a parole violation. As computed by the respondent, the petitioner had served approximately 14 months in prison, 18 months on authorized parole, 5 months back in prison, and 3 months again on parole. Allowing for deductions, pursuant to G.L. c. 127 §§ 129 and 129A, for good conduct and blood donations, he had approximately 4 months left to serve after his arrest in February of this year. Thus it is apparent that the petitioner had completed his 1960 sentence if time served in prison on the 1963 sentences should have been credited against it or if he should have been returned to prison in February 1966[2] on both revocation warrants instead of only on the warrant based upon the 1963 sentences.

While serving the 1963 sentences for passing worthless checks the petitioner attacked the 1963 judgments in the state courts. In December 1963 he filed a bill in equity in the Supreme Judicial Court, which that court transferred to the Superior Court, where the petitioner amended it such that it became a petition for a writ of mandamus against the Massachusetts Parole Board and Massachusetts Department of Correction. After responsive pleadings were filed, and upon the advice of his court-appointed attorney, the petitioner abandoned that approach and on April 6, 1964 filed a petition for a writ of error in the Supreme Judicial Court. He contended that the 1963 sentences were illegal because imposed at a time when he should have been reimprisoned on the 1960 sentence inasmuch as his parole from that sentence had been revoked. A single justice ordered the 1963 judgments affirmed and the petitioner filed a bill of exceptions. The case was decided by the full bench on January 4, 1966, Kleczka v. Commonwealth, 1966 Adv.Sh. 31, 213 N.E.2d 390. The court's opinion is incorporated by reference in the applicant's petition to this court. It

---

1. These charges have not been disposed of. The petitioner was indicted by the grand jury on May 9, 1966 and a warrant based upon the indictment is currently lodged at State prison. Presumably it will be served upon the petitioner and he will be brought to trial when he finishes serving the 1960 sentence.

2. Actually the 1963 revocation warrant was not served upon the petitioner until March 11, 1966 and the petitioner's position is that this withholding of the warrant while he was held in lieu of bail was a further failure by the respondent to comply with G.L. c. 127, § 149, identical to the one he argues occurred on May 27, 1963. But nothing before the court turns on this one-month delay because a four-month period computed from March 11, 1966 would have ended before expiration of the 1963 sentences on July 26, 1966.

overruled his exceptions, holding, "There was no error in lodging the revocation warrant (without serving it) with the institutions having him in confinement either awaiting trial for the later offenses or under the later sentences." The court relied on G.L. c. 127 § 149, as amended, emphasizing the last sentence thereof.[3] The petitioner sought reconsideration and a rehearing, which were denied June 1, 1966. He did not petition the Supreme Court of the United States for a writ of certiorari. Throughout the appeal proceedings in the Supreme Judicial Court the petitioner was represented by counsel. In this court he is appearing *pro se.*

■■ In this court the petitioner alleges generally that he is illegally confined in violation of the 5th and 14th amendments to the Constitution of the United States, and prays that the 1960 sentence be vacated and set aside. His specific contentions are (a) that the state court misinterpreted section 149 of Chapter 127, as amended, and erred in holding that execution of the 1960 sentence was properly suspended while he was imprisoned in connection with the 1963 offenses, and (b) that on March 11, 1966 both parole revocation warrants should have been served upon him rather than only that based upon the 1963 sentences and, if both had then been served upon him, he would have completed serving the 1960 sentence by now. In connection with his petition the applicant filed a motion to stay execution of the unserved portion of his 1960 sentence pending decision on the merits of his petition for habeas corpus. I denied this summarily at the hearing. The court's power under Title 28 U.S.C. § 2251, refers only to State court proceedings, not to service of sentences imposed by a State court. To grant the petitioner's motion would be equivalent to awarding the writ on the merits.

The petition alleges in general terms violations of fundamental rights of the petitioner under the federal constitution, as is required by 28 U.S.C. § 2241(c) (3) and numerous decisions of the Supreme Court of the United States, e. g., Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469, but the facts upon analysis do not disclose a federal constitutional claim. While alleging illegality of the 1960 sentence, no complaint is made regarding the terms of the sentence or any steps leading to it. The petitioner's real complaint relates to execution of the 1960 sentence and in particular its having been suspended while he was imprisoned in connection with a subsequent offense.

The principal argument of the petitioner is that the Supreme Judicial Court of Massachusetts in his case before it, Kleczka v. Commonwealth, 1966 Adv.Sh. 31, 213 N.E.2d 390, misconstrued G.L. c. 127 § 149, as amended, and misplaced reliance upon a precedent, Harding v. State Board of Parole, 1940, 307 Mass. 217, 220–222, 29 N.E.2d 756, which held *inter alia* that

3. § 149. Arrest for Violation of Permit.

The parole board, the county commissioners or, in Suffolk county, the penal institutions commissioner of Boston, if a permit to be at liberty granted or issued by them, respectively, has become void or has been revoked, or if a prisoner on parole under section one hundred and forty-one has been ordered to return to prison, may order the arrest of the holder of such permit or of such prisoner on parole by any officer qualified to serve civil or criminal process in any county, and the return of such holder or of such prisoner on parole to the prison to which he was originally sentenced. A prisoner who has been so returned to prison shall be detained therein according to the terms of his original sentence. In computing the period of his confinement, the time between his release upon a permit or on parole and the revocation of such permit or parole shall be considered as part of the term of his sentence, and the time between the revocation of his permit or parole and his return to the prison to which he was originally sentenced shall not be considered as any part of the term of his original sentence. If at the time of the order to return to prison or of the revocation of his permit he is confined in any prison, service of such order shall not be made until his release therefrom, and the time served by him upon any sentence under which he is so confined shall not be considered as any part of the term of his original sentence.

under § 149 service of a parole revocation warrant should be withheld until completion of a sentence for a subsequent offense. The petitioner contends that the *Harding* decision was overruled in pertinent part by a 1946 amendment to the statute. Previous to 1946, a consequence of revocation of parole was that time served on parole would be forfeited, i. e., not credited against the sentence. The 1946 amendment provided that only time between revocation and return to the prison to which originally sentenced would be forfeited. The amendment also added the last clause of the last sentence, "and the time served by him upon any sentence under which he is so confined shall not be considered as any part of the term of his original sentence." The petitioner argues that, to be consistent with its liberalizing the forfeiture rule, the legislature must have intended that a revocation warrant should be served immediately on a parolee confined in lieu of bail as distinguished from one confined pursuant to a subsequent sentence.

■ With respect to this question, the Court does not rule that the petitioner has failed to exhaust available State court remedies. True, he did not, before the Supreme Judicial Court, challenge directly the validity or manner of execution of the 1960 sentence, but attacked only the 1963 sentences. However, his argument in the Supreme Judicial Court was that they were invalid because imposed at a time when he should have been returned to prison for having violated his parole on the 1960 sentence. The reasons he urged upon the State court were substantially identical to those upon which he relies in this court, and having been completely rejected by the Supreme Judicial Court, it would seem inconsistent with the teaching of Fay v. Noia, 1963, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, to require that he go through the formality of challenging the 1960 sentence explicitly in the Massachusetts court.

■ The principal issue raised by the petitioner is the validity of an interpretation by a State's highest court of a statute regulating revocation of parole. This is precisely the type of determination of local criminal law which, in the absence of extraordinary circumstances, is not reviewable on a petition for habeas corpus addressed to a federal court. Cf. Fountaine v. Crouse, 10 Cir., 1964, 337 F.2d 378. No federal constitutional claims are involved. The result reached by the Massachusetts court does not differ from the federal practice authorizing the United States Board of Parole to require a paroled federal prisoner to serve the unexpired portion of his first sentence after the expiration of a second sentence. Zerbst v. Kidwell, 1938, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, Woykovsky v. Chappell, 1964, 119 U.S.App.D.C. 8, 336 F.2d 927.

■ On the merits the Court considers the petitioner's argument a nonsequitur. The 1946 amendment to G.L. c. 127 § 149 changed only one of the consequences of the *Harding* decision, in that revocation of parole would no longer deprive a prisoner of credit for time spent on parole in compliance with its conditions. It did not change the first part of the last sentence governing service of a revocation warrant. The addition of the last clause to the last sentence of the section was necessitated by the new forfeiture formula contained in the next to last sentence.

■ The petitioner's second contention, that both parole revocation warrants should have been served upon him on March 11, 1966, presents a closer question of statutory interpretation of G.L. c. 127 § 149. However, it presents no federal constitutional claim and has never been submitted to the Massachusetts Board of Parole or to any State court. It concerns the action of the Board of Parole and is quite different from the contention made by the petitioner in the Supreme Judicial Court. In fact, the events complained about occurred two months after publication of the opinion in Kleczka v. Commonwealth, supra.

The language of the first part of the last sentence of G.L. c. 127 § 149 provides that if a prisoner is confined at the time

of the revocation of his parole, service of the order (or presumably a warrant of revocation, although the statute does not mention such a warrant specifically) shall not be made until released therefrom, which I take to mean released from the particular confinement holding the prisoner at the time of the parole revocation. In the instant case Kleczka was confined on a 1966 charge when the revocation warrants applicable to the 1960 and 1963 sentences were issued,[4] and he was released from this confinement on March 11, 1966, when he posted a property bond. Why, therefore, were not both revocation warrants served on him at that time? The statute, it is true, speaks negatively, i. e., that service shall not be made until his release, but there is surely an implicit direction that service should be made at the time of his release.

The Commonwealth's response to this argument, that the 1960 and 1963 warrants should have been served simultaneously in March of 1966, is that the statute contemplates successive service of sentences unless the court explicitly makes them concurrent, which was not done in this case. However, it is noted that from November 1965 to February 1966 the defendant was simultaneously earning credit against the 1960 and 1963 sentences while behaving himself on parole. Also, from June 1965 to November 1965, while the petitioner was in State prison, he was receiving credit each day against both the 1960 and 1963 sentences —as to the former, by virtue of his incarceration, and as to the latter, by virtue of his having received a "paper parole." These facts, coupled with the language of section 149, cast some doubt upon the Commonwealth's position.

In any event, the petitioner makes no contention that the Massachusetts system of parole is unconstitutional, nor that he has been the victim of any arbitrary administration of the law by the parole board. A writ of habeas corpus will not be granted by a federal court because of actions by State parole authorities, In re Smigelski's Petition, D.N.J., 1960, 185 F.Supp. 283, United States ex rel McNelis v. Pennsylvania Board of Parole, W.D.Pa., 1956, 141 F.Supp. 23, except upon proof that they have been arbitrary and unreasonable. Jones v. Rivers, 4 Cir., 1964, 338 F.2d 862, Lavendera v. Taylor, D.Kan., 1964, 234 F.Supp. 703.

Finally, with respect to the question as to service of the revocation warrants in 1966, the petitioner has not exhausted the several remedies available to him in the courts of Massachusetts. 28 U.S.C. § 2254. A petition for a writ of mandamus against the Massachusetts Board of Parole was the basis for Harding v. State Board of Parole, supra. Without passing upon the proper procedure, the Supreme Judicial Court considered the merits of Kleczka's contentions respecting the 1963 judgments on the basis of a petition for a writ of error. Kleczka v. Commonwealth, supra. Also a writ of habeas corpus may be issued as a matter of discretion in the courts of the Commonwealth under G.L. c. 213 § 1A in situations where a prisoner is not entitled to one as a matter of right under G.L. c. 248 § 1, e. g., when entitled to a reduction of sentence. Re Stearns, 1961, 343 Mass. 53, 175 N.E.2d 470.

Petition denied.

---

4. This fact was not established with certainty. At the hearing the petitioner asserted that a Worcester bondsman named Jaffee indicated to him that the warrants had been issued on February 11, 1966, perhaps previous to his arrest. This circumstance if material might be developed more fully at any future hearing.