**Anthony G. SAVILLE, Petitioner,**

v.

**Palmer C. SCAFATI, Superintendent, Massachusetts Correctional Institution, Walpole, Respondent.**

**Misc. Civ. No. 68–28–C.**

United States District Court
D. Massachusetts.

March 28, 1969.

John G. S. Flym, Boston, Mass., for plaintiff (petitioner).

Robert H. Quinn, Atty. Gen., John Finn, Asst. Atty. Gen., for respondent.

## OPINION

CAFFREY, District Judge.

This is a civil action which came on for trial on the basis of an amended petition for a writ of habeas corpus and on respondent's motion to dismiss. Petitioner is presently an inmate of a Massachusetts correctional institution.

The amended petition premises petitioner's claim for relief on three separate grounds.

Ground One consists of an allegation that at petitioner's trial in Superior Court of Massachusetts for the County of Hampden "the critical evidence presented by the prosecution had been obtained by means of an unconstitutional search of petitioner's printing shop." Briefly stated, petitioner's contention with regard to Ground One is that the affidavit on the basis of which a warrant for the search of the premises was issued does not state facts justifying the issuance of said warrant. This contention was made by petitioner to the Massachusetts Supreme Judicial Court which in an opinion, Commonwealth v. Saville, 1968 Mass.Adv.Sh., p. 29, 233 N.E.2d 9, ruled adversely to petitioner.

Ground Two consists of an allegation that petitioner's convictions were based on evidence tending to indicate his possession of federal reserve notes and equipment capable of being used to counterfeit federal reserve notes, and an allegation that this evidence is inadequate as a basis for conviction of a violation of Mass.G.L., ch. 267, sec. 9. This contention was also made by petitioner to the Supreme Judicial Court and ruled upon adversely to petitioner in Commonwealth v. Saville, *supra*.

Ground Three is a contention that, if correctly construed by the Supreme Judicial Court in Commonwealth v. Saville, *supra*, ch. 267, sec. 9 and sec. 13, of Mass.G.L., are preempted by 18 U.S.C.A. §§ 471–492 and by the United States Constitution. It is expressly conceded, with regard to Ground Three, that petitioner's then counsel did not press this issue on his appeal to the Supreme Judicial Court.

An evidentiary hearing was held in this court, at which testimonial evidence was offered only with reference to Ground One. The witnesses who testified with regard to the circumstances surrounding both the execution of the affidavit in support of the search warrant and the issuance of the search warrant under attack were Sergeant Louis P. Desrosiers, of the Springfield Police Department, and Edward P. Collins, Esq., Clerk of the Springfield District Court, who issued the search warrant. Documentary evidence also was admitted with regard to Ground One, consisting of a photostatic copy of the application for the search warrant in question as well as the affidavit filed in support of two other search warrants issued the same day by Mr. Collins. The transcript of a hearing held January 12, 1967 in Hampden Superior Court on a motion to suppress, and the transcript of the trial held in that court on January 30 and 31 and February 1 and 2, 1967, were filed as exhibits in support of all three grounds. Also filed as exhibits were a motion for new trial filed in Superior Court on September 26, 1967 and a "Summary of Record" filed with the Supreme Judicial Court.

■ I am satisfied that nothing adduced at the evidentiary hearing in this court adds to or changes the facts recited in the opinion of the Supreme Judicial Court in Commonwealth v. Saville, *supra*. Nor am I persuaded that there is any legal merit to petitioner's contentions with regard to an illegal search and seizure. In United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L. Ed.2d 684 (1965), the Supreme Court stated (p. 108, p. 746 of 85 S.Ct.):

> "Affidavits for search warrants * * * must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. * * * Technical requirements of elaborate specificity once exacted under common law pleadings have no place in this area."

In ruling that "all the affidavits presented to the clerk on July 4, 1966 adequately revealed the facts relied upon to show probable cause," the Supreme Judicial Court did exactly what was directed in *Ventresca, supra*. Accord: United States v. Serao, 367 F.2d 347, 348 (2nd Cir. 1966), vacated on other grounds 390 U.S. 202, 88 S.Ct. 899, 19 L.Ed.2d 1034 (1968).

■ With reference to Ground Two, the construction of Mass.G.L., ch. 267, secs. 9 and 13, is a matter for the determination of the Supreme Judicial Court as the final arbiter of the meaning of any and all statutes of the Commonwealth of Massachusetts. Ferguson v. Manning, 216 F.2d 188 (4th Cir. 1954); Kleczka v. Commonwealth of Massachusetts, 259 F.Supp. 462, 466 (D.Mass. 1966).

■ Ground Three was expressly disclaimed at oral argument before the Supreme Judicial Court, and that court's brief reference thereto by way of a dictum footnote to its opinion does not establish the claimed futility of now presenting that issue to the state courts. Therefore, that issue is not properly before this court.

■ At the conclusion of the evidentiary hearing, in response to a question from this court as to whether there were any other matters he wished to call to the court's attention, petitioner orally attacked the competency of his state court counsel. This, and several other points sought to be raised in his amended petition for habeas corpus, such as paragraphs 5(c) and 5(d) thereof, as well as certain additional points sought to be raised in his memorandum of law, e. g., the contention that the informant Parisi was drunk, are not properly before this court because they have not previously been presented to the courts of the Commonwealth of Massachusetts. Needel v. Scafati, 1st Cir., No. 7199, March 20, 1969.

With specific reference to the three examples given even if they were before this court the evidentiary hearing here establishes that there is no merit to them. For example, I am persuaded that although he had no prior convictions for counterfeiting Parisi did have a record, known to Officer Desrosiers, of counterfeiting activity and counterfeiting arrests, and that consequently the statement that Parisi had a record for counterfeiting was not untrue as alleged in paragraph 5(c) of the amended petition, taking the words used in their ordinary meaning. Likewise, the contention raised in 5(d), for example, that a clerk of court does not have standing to issue a search warrant, is totally without merit when it is remembered that a United States Commissioner is authorized to issue search warrants, that his authority to do so has been expressly upheld by the Supreme Court of the United States, directly in Go-Bart Importing Co. v. United States, 282 U.S. 344, 353, n. 2, 51 S.Ct. 153, 75 L.Ed. 374, and indirectly in many cases in which it has held legal searches and seizures made on the basis of search warrants issued by United States Commissioners. E. g., United States v. Ventresca, *supra*. It should be noted that a United States Commissioner is not required to be a lawyer or a member of the bar or to have any specific qualifications other than an appointment from the district court of the district in which he is serving as a Commissioner. 28 U.S.C.A. § 631. Petitioner advances no valid reason why the Commonwealth must meet a higher standard than the United States with regard to the qualifications of those authorized to issue search warrants.

In the instant case, Mr. Collins, the clerk of court, testified that he is a member of the bar, that he has been clerk of court since 1939, and that he actively practiced law until 1950 when a change in state law precluded clerks of court from practicing.

I rule, on the basis of the record before me, with regard to those issues properly before this court, that the merits of the factual dispute between the petitioner and the Commonwealth of Massachusetts were resolved in the hearing before the state courts, that the factual determination by the state courts is fairly supported by the record before the state courts and by the record before this court, that the fact-finding procedure employed by the state courts was adequate to afford petitioner a full and fair hearing, that the material facts of this case were adequately developed at

the state court hearing, that the interpretation of the statutes of the Commonwealth is a matter for the Supreme Judicial Court and not properly raisable in this court by way of habeas corpus, Fountaine v. Crouse, 377 F.2d 378 (10th Cir. 1964), and that the remaining matters alleged in the petition are insufficient to form a basis for relief herein because they have not previously been submitted to the state courts for determination. Needel v. Scafati, *supra*.

Respondent's motion to dismiss is allowed.

Order accordingly.