Garth BATES, Petitioner,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections and Jack Heard, Sheriff of Harris County, Texas, Respondents.

Civ. A. No. H-79-2169.

United States District Court,
S. D. Texas,
Houston Division.

Jan. 23, 1980.

Marvin O. Teague, Roy Beene, Will Gray, Houston, Tex., for petitioner.

John B. Holmes, Jr., Dist. Atty., Larry P. Urquhart, Michael C. Kuhn, Asst. Dist. Attys., Harris County, Houston, Tex., for respondents.

## MEMORANDUM AND ORDER

McDONALD, District Judge.

On October 31, 1979, the Court heard argument on the petitioner's Motion for Stay of Mandate, Continuing the Stay of Mandate, Enlargement on Bail, and Continuing the Present Bail. At the conclusion of the argument, the Court entered a brief written order denying the petitioner's Motion, Order of October 31, 1979, but indicated that a more complete order, outlining the reasons for the actions taken, would be forthcoming. This is that order.

The petitioner, Garth Bates, is a former judge of the 174th Judicial District Court of the State of Texas.[1] He was convicted of bribery, *Tex.Penal Code Ann.* § 36.02(b), and sentenced to eight (8) years confinement in the Texas Department of Corrections. The trial judge overruled petitioner's motion for a new trial. His conviction was upheld by the Texas Court of Criminal Appeals, which also denied his Motion for Rehearing. *Bates v. State,* No. 58,338 (Tex.

Crim.App. January 10, 1979), *rehearing denied,* September 19, 1979. Leave to File a Second Motion for Rehearing was denied on October 17, 1979. On Friday, October 19, 1979, the Texas Court of Criminal Appeals issued its mandate affirming the conviction and directing the issuance of a capias for the petitioner's arrest. The following Monday, October 22, 1979, before the capias was issued, the petitioner filed for a writ of habeas corpus in this Court. In addition, he requested this Court to stay the mandate of the judgment of the Texas Court of Criminal Appeals and release him on bail until the merits of his habeas corpus petition had been ruled upon. None of the parties were adequately prepared to discuss this request. Therefore, in order to maintain the status quo while allowing the parties to adequately brief the issues, this Court temporarily granted the petitioner the relief requested. *See* Order of October 23, 1979. A hearing was held on October 31, 1971, to determine whether to extend that temporary grant of relief.

The first issue presented is whether this Court has jurisdiction to consider the petitioner's habeas corpus claim.[2] From October 22, 1979, when he filed for the writ, to October 31, 1979, the date of the hearing, the petitioner was not incarcerated. The Texas Court of Criminal Appeals had affirmed his conviction and ordered the issuance of a capias for his arrest, but the capias had not been issued. As 28 U.S.C. §§ 2241(c)(3) and 2254(a) extend federal habeas corpus jurisdiction only to individuals "in custody," the question is whether the fact that the capias had not been issued deprives this Court of jurisdiction. In *Hensley v. Municipal Court,* 411 U.S. 345, 350, 93 S.Ct. 1571, 1574, 36 L.Ed.2d 294 (1973), the United States Supreme Court said, "we have consistently rejected interpretations of the habeas corpus statute that

---

1. Petitioner was commissioned on January 5, 1973, and removed from office on July 11, 1977. *See, In Re Bates,* 555 S.W.2d 420 (Tex.1977).

2. The parties did not raise this jurisdictional issue. That, of course, does not matter. Jurisdiction, going to the power of the court, cannot be waived by the parties and, if need be, must be raised by the court, *sua sponte. Louisville & Nashville Railroad Company v. Mottley,* 211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

would suffocate the writ in stifling formalisms or hobble its effectiveness with the manacles of arcane and scholastic procedural requirements." To make federal habeas corpus jurisdiction turn on the issuance of a capias would be to disregard that course of action. Petitioner Bates, like petitioner Hensley, was

> subject to restraints "not shared by the public generally," *Jones v. Cunningham*, 371 U.S. 236, 240, [83 S.Ct. 373, 9 L.Ed.2d 285] (1963) . . . The State ha[d] emphatically indicated its determination to put him behind bars, and the State ha[d] taken every possible step to secure that result. His incarceration [was] not, in other words, a speculative possibility that depend[ed] on a number of contingencies over which he ha[d] no control.
> . . .

*Hensley, supra*, at 351–352, 93 S.Ct. at 1575. He was, therefore, "in custody" within the meaning of the federal habeas corpus statute, 28 U.S.C. §§ 2241(c)(3), 2254(a). This Court has habeas corpus jurisdiction.[3]

■ The second issue presented is whether this Court has the power to stay the execution of the mandate issued by the Texas Court of Criminal Appeals.[4] The respondents rely upon the following language from *Kleczka v. Commonwealth of Massachusetts*, 259 F.Supp. 462, 465 (D.Mass. 1966):

> In connection with his petition the applicant filed a motion to stay execution of the unserved portion of his 1960 sentence pending decision on the merits of his petition for habeas corpus. I denied this summarily at the hearing. The Court's power under Title 28 U.S.C. § 2251, refers only to State court proceedings, not to service of sentences imposed by a State court. To grant the petitioner's motion

would be equivalent to awarding the writ on the merits.

Since the execution of a state court sentence is not a "proceeding" within the meaning of 28 U.S.C. § 2251 and, therefore, cannot be stayed pending the determination of a habeas corpus claim, the respondents contend, the execution of a state court mandate is also not a "proceeding" within the terms of that statute and, similarly, cannot be stayed pending a ruling on the petition.

This argument is not persuasive. This Court has great respect for the Honorable Judge of the United States District Court of Massachusetts. Even so, it is convinced that, to the extent that *Kleczka, supra*, says that executions of sentences and, by implication, state court mandates, are not "proceedings" within the terms of 28 U.S.C. § 2251, it does not correctly state the law. The statute in question, 28 U.S.C. § 2251, reads, in relevant part, as follows:

> A justice or judge of the United States before whom a habeas corpus proceeding is pending, may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

To determine what constitutes a "proceeding . . . in any state court" for the purposes of 28 U.S.C. § 2251, it is instructive to turn to 28 U.S.C. § 2283. That statute, the federal Anti-Injunction Act, provides that:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

---

3. As in *Hensley, supra*, 411 U.S. at 353, 93 S.Ct. at 1575, 1576:

> We are concerned here with a petitioner who has been convicted in state court and who has apparently exhausted all available state court opportunities to have that conviction set aside. Where a state defendant is released on bail or on his own recognizance pending trial or pending appeal, he must still

contend with the requirements of the exhaustion doctrine if he seeks habeas corpus relief in the federal courts.

4. The power of this Court to release the petitioner on bail pending determination of his habeas corpus claim is not contested, as it clearly exists under *In re Shuttlesworth*, 369 U.S. 35, 82 S.Ct. 551, 7 L.Ed.2d 548 (1962).

The term, "proceedings in a State court," in the Anti-Injunction Act, according to the United States Supreme Court, "includes all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process." *Lynch v. Household Finance Corp.*, 405 U.S. 538, 555, 92 S.Ct. 1113, 1123, 31 L.Ed.2d 424, *rehearing denied*, 406 U.S. 911, 92 S.Ct. 1611, 31 L.Ed.2d 822 (1972) (emphasis and citations omitted). The habeas corpus statute being discussed here, 28 U.S.C. § 2251, creates an expressly authorized exception to the Anti-Injunction Act. That being so, it is this Court's conclusion that the phrase, "proceeding . . . in any State court," in the former is at least as broad as the term, "proceedings in a State court," in the latter.

The purpose of the Anti-Injunction Act is "to prevent needless friction between state and federal courts." *Oklahoma Packing Co. v. Oklahoma Gas & Electric Co.*, 309 U.S. 4, 9, 60 S.Ct. 215, 218, 84 L.Ed. 447 (1940). The Act is premised upon "the fundamental principle of a dual system of courts." *Atlantic Coastline Railroad Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 297, 90 S.Ct. 1739, 1748, 26 L.Ed.2d 234 (1970). The position taken by the respondents in their reliance on *Kleczka, supra*, is, in effect, that Congress considered habeas corpus rights important enough to authorize federal courts to halt or even void state court proceedings, 28 U.S.C. § 2251, but not to authorize federal courts to interfere with administrative and ministerial actions related to those proceedings. Given the purpose and principle underlying the Anti-Injunction Act, *Oklahoma Packing Co., supra; Atlantic Coastline Railroad Co., supra*, this position is untenable. Executions of state court mandates and, for that matter, executions of sentences, as under 28 U.S.C. § 2283, *Lynch, supra; Hill v. Martin*, 296 U.S. 393, 403, 56 S.Ct. 278, 80 L.Ed. 293 (1935), may be stayed under 28 U.S.C. § 2251.

Even if executions of state court mandates were not "proceedings" within the terms of 28 U.S.C. § 2251, neither the respondents nor the implication in *Kleczka,*

*supra,* would be correct. Federal courts sitting in habeas corpus are empowered by 28 U.S.C. § 2243 to "dispose of the matter as law and justice require." The words themselves and the principles enunciated by the Supreme Court in *Mitchum v. Foster,* 407 U.S. 225, 237–238, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) indicate that 28 U.S.C. § 2243, alone, constitutes Congressional authorization to stay executions of state court mandates and execution of sentences where necessary. It may be for this reason that federal district courts sitting in habeas corpus, *Smith v. Sheeter*, 402 F.Supp. 624, 627 (S.D.Ohio, E.D.1975); *Nelson v. Lefkowitz*, 428 F.Supp. 660, 663 (S.D.N.Y.1977), stayed executions of state court sentences and the Ninth Circuit assumed the power of habeas corpus courts to stay executions of state court judgments, *Reese v. Teets*, 248 F.2d 147, 149 (9th Cir. 1957), without discussion. Under 28 U.S.C. §§ 2243 and 2251, federal courts have the power to stay the execution of a state court mandate pending resolution of a habeas corpus claim.

That being so, the final issue confronting the Court is whether to stay the execution of the state court's mandate and release the petitioner on bail. The standard to be applied was laid out by Justice Douglas in *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964):

> This applicant is incarcerated because he has been tried, convicted, and sentenced by a court of law. He now attacks his conviction in a collateral proceeding. It is obvious that a greater showing of special reasons for admission to bail pending review should be required in this kind of case than would be required in a case where applicant had sought to attack by writ of habeas corpus an incarceration not resulting from a judicial determination of guilt. *Cf. Yanish v. Barber*, 73 S.Ct. 1105, 97 L.Ed. 1637 (1953). In this kind of case it is therefore necessary to inquire whether, in addition to there being substantial questions presented by the appeal, there is some circumstance making this application exceptional and deserving of special treatment in the in-

terests of justice. *See Benson v. California*, 328 F.2d 159 (C.A. 9th Cir. 1964). *See also Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir.), *rehearing and rehearing en banc denied*, 497 F.2d 1384 (5th Cir. 1974) ("Extraordinary or exceptional circumstances" must exist for release on bail pending habeas corpus determination.), and cases cited therein.

At the October 31 hearing, the petitioner advanced eight (8) factors which he contended made his application "exceptional and deserving of special treatment." *Aronson, supra*. They were: (1) that substantial constitutional issues were raised by the petition, (2) that the petitioner did not flee while free on bond pending trial and appeal, (3) that imprisonment would impair the petitioner's ability to assist his counsel, (4) that the petitioner could serve a substantial portion of his sentence while awaiting resolution of his claim, (5) the possible danger to the petitioner of being incarcerated with individuals whom he had ordered imprisoned, (6) that the petitioner was sixty-four years old, (7) that the petitioner had strong ties to the community, and (8) that the petitioner had spent relatively little time in prison.

The petitioner and his wife testified at the October 31 hearing and counsel submitted arguments directed to these factors. As to the first, it is true that substantial constitutional issues are raised by the petition. *Aronson, supra*, however, requires more of an individual who, like petitioner Bates, has been convicted and sentenced— some "exceptional circumstances" must be shown to receive this "special treatment". The second factor is similarly unpersuasive. The petitioner did not flee while free on bail, but neither do most habeas corpus petitioners. In addition, that was prior to his exhaustion of all of the appeal mechanisms within the State court system; he is in a different posture before this Court. There was little testimony in regard to the third factor; what there was failed to demonstrate that the petitioner's imprisonment would have any effect on his ability to assist his counsel. As for the fourth factor,

it is clearly inapplicable. The petitioner has received an eight-year sentence and the parties advised the Court that they would be ready to proceed on the petition for the writ of habeas corpus within sixty to ninety days.

The fifth factor might well constitute an "exceptional circumstance" within the meaning of *Aronson, supra*, but the petitioner failed to offer the necessary evidentiary support. Petitioner Bates testified that, as a judge, he had sentenced some individuals to prison during his approximately five (5) years in office, but his testimony was scanty. Neither details nor estimates were offered as to how many persons the petitioner had sentenced, where he had sentenced them to, the length of the sentences, or when the sentences were imposed. There was, similarly, no testimony that any threats were received by the petitioner. More importantly, with respect to this factor, the State offered persuasive testimony from two (2) witnesses that special precautions were taken to protect incarcerated former public officials from their fellow inmates. The witnesses explained in detail the procedures employed on behalf of several currently-incarcerated former public officials and testified as to the undeniable success of those procedures.

The sixth factor was also not shown to be a problem in this case. Although the petitioner is sixty-four years old, both he and his wife testified that he has had no serious medical problems. Age, alone, is not an "exceptional circumstance." The seventh factor, the petitioner's ties to the community, like the second factor, is more relevant when considering entitlement to bail before the exhaustion of all appeals. Strong community ties are simply not sufficient here. Finally, as far as this Court can tell, the eighth factor has absolutely no relevance to the consideration of the issue before it. In sum, the petitioner failed to establish that there were extraordinary or exceptional circumstances entitling him to a stay of the execution of the mandate of the Texas Court of Criminal Appeals and to remain on bail while this Court was considering his

petition for writ of habeas corpus. That being so, it is hereby

ORDERED, ADJUDGED, and DE-CREED, that the petitioner's Motion for Stay of Mandate, Continuing the Stay of Mandate, Enlargement on Bail, and Continuing the Present Bail be, and the same is, in accordance with the Court's Order of October 31, 1979, DENIED.