## REA v. McDONALD, Warden.

### No. 11374.

Circuit Court of Appeals, Fifth Circuit.

Jan. 12, 1946.

Writ of Certiorari Denied March 25, 1946.
See 66 S.Ct. 820.

Hayden C. Covington, of Brooklyn, N. Y., and Tom S. Williams, of San Antonio, Tex., for appellant.

Steve M. King, U. S. Atty., of Beaumont, Tex., for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The appellant, one of Jehovah's Witnesses who claimed exemption as an ordained minister of religion but was by the Local Board and Appeal Board classed 1-A, obeyed the Board's order to report for induction, took the physical examination, and was accepted, but finally refused to be in-

ducted. For this refusal he was indicted in a district court in Oklahoma and convicted. He took an appeal to the Circuit Court of Appeals, but his attorney failed to settle the record, and the appeal was dismissed for want of prosecution. Appellant was imprisoned under his sentence in a Federal Correctional Institution in Texas. He there sought habeas corpus for his release, his petition setting out the above facts, and others below mentioned which were urged as invalidating his conviction and sentence. The writ was denied, mainly on the ground that the court on habeas corpus should not review the trial in the Oklahoma Court. This appeal was taken.

■ The petition for habeas corpus sets forth quite fully the facts relied on. If, taking them as true, there was no illegality in the imprisonment, it was not error to refuse the writ, without going through a trial on evidence. 28 U.S.C.A. § 455.

■■ The indictment and sentence are exhibited, and on their face are regular and sufficient. The indictment, found to be true by the jury, states that the Local Board to whose jurisdiction appellant was subject had classified him 1-A, and ordered him to report for induction, that he had reported, and was transported to Fort Sill, Oklahoma, for induction, and appellant "did then and there knowingly, wilfully and feloniously fail and neglect to perform a duty required of him under the Selective Training and Service Act of 1940 [50 U.S.C.A.Appendix, § 301 et seq.] * * * in that he refused to submit to induction * * *." The imprisonment is manifestly lawful, unless this conviction can be shown to be null and void. One effort in this direction is made by allegations that the trial judge excluded from evidence the Local Board's file which it was claimed would show appellant was a minister of religion and exempt, and ruled out appellant's testimony to the same effect, and charged the jury that that matter was solely for the determination of the draft boards, and the court and jury were concluded thereby. Error, if any, in these rulings, is reviewable only by appeal. The Oklahoma court had jurisdiction of the accused and of the crime charged; and the writ of habeas corpus, as has often been ruled, is not a remedy for errors committed in the trial.

But it is further alleged that the Local Board had clear and uncontradicted proof that appellant was an ordained minister, according to his sect of religion, and though he was given two personal hearings the Board was prejudiced and refused to permit him to offer full evidence of his exemption, and did not make a full and complete record for the Appeal Board, which also classed him 1-A. It is alleged that this was a denial of procedural due process contrary to the Fifth Amendment; and that the Boards had no evidence to dispute appellant's claim of exemption, and no jurisdiction or authority to order him to report for induction; and the district court likewise had no jurisdiction or authority to punish disobedience to such an order.

■ Appellant did not submit to induction and then seek a remedy by habeas corpus to test the legality of detaining him in the army. Compare United States ex rel. Goodman v. Hearn, 5 Cir., 153 F.2d 186. Had he done this, his detention would have been by virtue of the Board's order, and the validity of that order would have been the issue. He elected to defy the order to be inducted, thus escaping military law and courts martial, according to Billings v. Truesdell, 321 U.S. 542, 64 S.Ct. 737, 88 L.Ed. 917, but incurring prosecution in the civil courts. That the impropriety of the Board's order, as touching such an exemption as this, cannot be made a defense to such a prosecution is settled by Falbo v. United States, 320 U.S. 549, 64 S. Ct. 346, 88 L.Ed. 305. Much less can it avail to deliver him from imprisonment under a conviction, for then the detention is under the court's sentence and not under the Board's order. If a gross injustice has been done appellant, as he claims, executive clemency seems now to be his only avenue for relief. There was no error in refusing the writ of habeas corpus.

Judgment affirmed.