### NEAL v. HUNTER.

No. 3758.

United States Court of Appeals Tenth Circuit.

Jan. 28, 1949.

Rehearing Denied March 1, 1949.

---

Waldo B. Wetmore, of Wichita, Kan., for appellant.

Eugene W. Davis, Asst. U. S. Atty. (Lester Luther, U. S. Atty., both of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Seeking release from service of an unexpired portion of a five year sentence, under which he was paroled, petitioner, by this habeas corpus proceedings, attacks the jurisdiction of the Parole Board and its authority to issue the parole violator's warrant under which he was taken and recommitted.

On July 19, 1941, petitioner, upon a plea of guilty to a violation of the Dyer Act, 18 U.S.C.A. § 408, [now §§ 2311–2313], was sentenced to a term of five years in the United States District Court of Tennessee; sentence was then suspended and he was placed on probation for a period of five years. Thereafter, and on June 24, 1942, probation was revoked and petitioner was confined under the original five year sentence until June 16, 1944, when he was released on parole.

On June 30, 1945, the United States Parole Board issued a parole violator's warrant for petitioner and declared him to be a fugitive from justice. Before apprehension and execution of the warrant, petitioner pleaded guilty to violation of the Dyer Act, supra, and the Federal Postal Laws, 18 U.S.C.A. § 347 [now § 500], in the United States District Court of Illinois. Before imposition of sentence, the Illinois court inquired of the United States Attorney, if petitioner was wanted as a parole violator, and was informed that the parole officer "did not want him."

The court then imposed a sentence of two years for violation of the Dyer Act and a sentence of one year and one day for violation of the Postal Laws, to run consecutively; a total of three years and one day.

After petitioner commenced service of the Illinois sentences, the United States Parole Board filed a detainer against him, and on June 24, 1947, when he became eligible for parole, the Board's warrant of June 30, 1945, was executed and petitioner then began service of the unexpired portion of the Tennessee sentence, which will not expire until May 30, 1950.

■ The legislative purpose of the Federal Parole System is the restoration of good risk offenders to society. Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808. To carry out its broad humane purpose, Congress created a parole board for each of the Federal penitentiaries, 18 U.S.C.A. § 715 [now § 4201], and has given them exclusive jurisdiction to grant paroles and supervise their parolees until the expiration of their maximum sentence, 18 U.S.C.A. §. 716a [now § 4203]. Upon reliable information that a parolee has violated the terms of his parole, the Board has exclusive authority, at any time within the term or terms specified in the parolee's sentence, to issue a warrant for his retaking, revoke his parole and require him to serve the unexpired portion of his sentence; and, "The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was originally sentenced to serve." 54 Stat. 692, 18 U.S.C.A. §§ 717, 719, 723c [now §§ 4205, 4207].

■ When a parolee is apprehended, sentenced and confined for a different offense while on parole, the jurisdiction of the Board and the running of his original sentence is interrupted and suspended, and he occupies the status of an escaped convict, or of one who has not been apprehended. Anderson v. Corall, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247; Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808; Evans v. Hunter, 10 Cir., 162 F.2d 800; Adams v. Hudspeth, 10 Cir., 121 F.2d 270; Groce v. Hudspeth, 10 Cir., 121 F.2d 800; Bowers v. Dishong, 5 Cir., 103 F.2d 464; Tippitt v. Wood, 78 U.S.App.D.C. 332, 140 F.2d 689. After completion of the second sentence, the original sentence starts running again; jurisdiction of the Parole Board again attaches, and he is subject to recommitment under a warrant of the Board "issued" within the statutory time.

■ Petitioner contends, however, that when he was taken into custody in Illinois the Board should have executed its warrant; that when it failed to do so, and elected to relinquish its jurisdiction in deference to the jurisdiction of the Illiniois court, it thereby waived its jurisdiction over him and its right to retake him under the warrant, hence its jurisdiction and the running of his Tennessee sentence was never suspended. He argues that the Board could not thereafter reassert its jurisdiction and breathe new life into the warrant by its execution in 1947, and that he therefore stands committed under a warrant which was not "issued" within the maximum time specified in the original sentence, as required by statute.

Obviously, petitioner would have preferred to have the warrant served at the time he was taken into custody in Illinois, so that the unexpired portion of his Tennessee sentence would start running again and run concurrently with whatever sentence might be imposed in the Illinois court. But, the Board was under no statutory duty to execute its warrant at that time, and petitioner could not have demanded it. Groce v. Hudspeth, 10 Cir., 121 F.2d 800. As the Supreme Court stated in Zerbst v. Kidwell, 304 U.S. 359, 58 S.Ct. 872, 874, 82 L.Ed. 1399, 116 A.L.R. 808, "Unless a parole violator can be required to serve some time in prison in addition to that imposed for an offence committed while on parole, he not only escapes punishment for the unexpired portion of his original sentence, but the disciplinary power of the Board

will be practically nullified." See also Rogoway v. Warden, 9 Cir., 122 F.2d 967.

To support his allegation of the Board's alleged waiver petitioner testified that when he was taken before the United States Commissioner in Illinois, he was told that a parole violator's warrant had been returned against him; that while he was in jail awaiting disposition of the Illinois charges, the Probation Officer for that District told him "I have a letter from Washington saying that they do not want you back on the parole violation"; that the Illinois court asked the Probation Officer if a parole violator's warrant had been issued against the prisoner or a detainer filed against him, and the Officer stated there was neither, and the sentence of three years and one day was based on the court's belief that the Parole Board was waiving the unserved portion of the Tennessee sentence.

The record discloses that when the parole violator's warrant was issued it was sent to the state of Ohio, where petitioner was to have remained under supervision during his parole, and that it was returned by the United States Marshal of that District, "unexecuted" in February 1946, after the proceedings in Illinois. There is nothing in the record to show that the Parole Board, or any member thereof, was a party to the Illinois proceedings or knew that petitioner was being held there on other charges, until its unexecuted warrant was returned. The record also shows that after the detainer was filed against petitioner, he notified the Illinois sentencing court that the Board was going to require him to serve the unexpired portion of the Tennessee sentence, and the court then reduced the three year and one day sentence to two years and one day, by providing that the sentences should run concurrently, instead of consecutively.

It is thus manifestly clear that the jurisdiction of the Board never attached and he therefore did not serve the unexpired portion of the first sentence concurrently with the latter.

The judgment of the trial court denying the writ is affirmed.