Samuel Jennings **JOHNSON**, Appellant,

v.

Fred T. **WILKINSON**, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.

No. 18246.

United States Court of Appeals Fifth Circuit.

June 20, 1960.

Rehearing Denied July 29, 1960.

Samuel J. Johnson, in pro. per.

William C. O'Kelley, E. Ralph Ivey, Asst. U. S. Attys., Charles D. Read, Jr., U. S. Atty., Atlanta, Ga., for appellee.

Before RIVES, Chief Judge, and CAMERON and BROWN, Circuit Judges.

PER CURIAM.

■ Petitioner, by a writ of habeas corpus, seeks release from the federal penitentiary in Atlanta on the ground that he has served his sentence in full. He was convicted for interstate transportation of stolen vehicles and sentenced on February 5, 1951, to six years and six days in prison. With 852 days remaining on this sentence, he was paroled. While on parole, he committed a second federal offense for which he was arrested in January 1955, convicted, sentenced, and imprisoned in a federal penitentiary in Virginia. Also, because of this offense and other conduct, the Parole Board issued a warrant for his arrest as a parole violator in January 1955 (which petitioner asserts was then served). On June 4, 1957, after serving his sentence for the second crime, he was served with the parole violator's warrant (the Government says the one originally issued in January 1955) confining him for the 852 days remaining on the original sentence. Petitioner contends that the time served for the second offense should be credited on his first offense as it was federal custody subsequent to revocation of his parole. On the pleadings and affidavits and a full response showing the record of his confinement, releases, etc., but without a hearing, the District Judge denied the writ of habeas corpus.[1] We affirm.

1. Petitioner would have been out of prison a long time ago but for a sequel to the events recited **above**. He was paroled a second time **and again** broke his parole for which he was returned to serve the remaining time (then 727 days) on his original conviction.

The confinement in the federal prison in Virginia was pursuant to the conviction and sentence for the federal crime committed while on parole from the original sentence. Petitioner is not entitled to credit on the original sentence for the time spent serving the sentence for the subsequent crime committed while he was on parole from the original sentence. Zerbst v. Kidwell, 1938, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399. The District Court found that the parole violator's warrant was not served until June 14, 1957 at the end of the second sentence. Even assuming that a warrant for the arrest of petitioner was served by a deputy Marshal in January 1955 as petitioner claims, he was not at that time returned to the custody of the Attorney General under that warrant. He remained under the same confinement until he was arraigned and pleaded guilty to the second offense and commenced service of that sentence in April 1955. The service of the warrant, if made then as claimed, would not have transmuted that custody into custody under the parole violator warrant. That would have been accomplished only by the Marshal's carrying out the command of the warrant.[2] Jenkins v. Madigan, 7 Cir., 1954, 211 F. 2d 904. This was not done until two years later in June 1957. Until then the unexpired term on the original sentence had not begun to run. 18 U.S.C.A. § 4205.[3]

■ As all the facts either appeared on the face of the record or the one "disputed" fact was immaterial, the District Court could properly dispose of the petition without holding a hearing. Rea v. McDonald, 5 Cir., 1946, 153 F.2d 190.

Affirmed.

2. The parole violator's warrant, directed to any federal officer authorized to serve criminal process, provides:

"NOW, THEREFORE, this is to command you to execute this warrant by taking the said Samuel J. Johnson [petitioner], wherever found in the United States, and him safely return to the institution designated according to law."

3. 18 U.S.C.A. § 4205:

"Retaking parole violator under warrant; time to serve undiminished

"A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."