Joseph Orton SMITH, Appellant,

v.

Olin G. BLACKWELL, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.

No. 23231.

United States Court of Appeals Fifth Circuit.

Oct. 12, 1966.

**540**

F. D. Hand, Jr., Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., for appellee.

Before RIVES, BELL and THORNBERRY, Circuit Judges.

PER CURIAM:

This appeal is from an order denying appellant's petition for writ of habeas corpus.

On December 19, 1955, in the Western Division of the Western District of Tennessee, appellant was sentenced to imprisonment for 3½ years for a Dyer Act violation. 18 U.S.C. § 2312. Appellant was paroled on September 22, 1957, with 634 days of his sentence remaining to be served. On October 3, 1957, appellant was sentenced by a state court to a state penal farm in Memphis, Tennessee, for a term of one year on a charge of fraudulent breach of trust. Appellant escaped on December 17, 1957, and was rearrested in Mobile, Alabama, on January 17, 1958. While in custody there, the response to the order to show cause states that he admitted to a bank robbery in Oregon in 1955 and a mail theft in California in 1954. On March 5, 1958, in the Southern District of Alabama, he was sentenced to imprisonment for a total of 12 years for these two offenses. On April 21, 1958, a parole violator warrant was issued by the United States Board of Parole based on appellant's failure to keep his probation office advised as to his whereabouts, leaving his district without permission, and escaping from the state penal farm. The warrant was lodged as a detainer against appellant and was not served until July 25, 1965, when appellant was released from his second federal sentence imposed in the Southern District of Alabama. Appellant began to serve the violated sentence of 634 days on July 25, 1965, and on August 30, 1965, his parole was revoked by the United States Board of Parole. On September 21, 1965, appellant filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Georgia, asserting that the parole violator warrant should have been served in 1958 and that waiting until 1965 to serve him was a violation of due process. The District Court entered an able memorandum opinion and denied the writ of habeas corpus, but granted appellant's motion to appeal in forma pauperis. This Court denied appellant's motion for appointment of counsel. Appellant has not filed a brief, and this case is submitted on the record and the brief of appellee.

The only question presented is whether it was a violation of law, statutory or constitutional, to delay serving a parole violator warrant, issued within the period of appellant's original sentence, until after appellant had served a second federal sentence for an offense of which he was convicted while on parole from the original sentence.

Appellant in his petition fails to distinguish between the terms "issuance" of a warrant and "service" (or "execution") of a warrant. He contends that 18 U.S.C. § 4205 requires that a parole violator warrant be issued *and* served within the maximum term for which the violator was sentenced. That statute, however, applies only to the issuance of a warrant:

"A warrant for the retaking of any United States prisoner who has violated his parole, may be *issued* only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced."

(Emphasis added.)

The warrant in this case was issued well within the maximum term. (Appellant was paroled on September 22, 1957, with 634 days of his sentence unserved, and the warrant was issued on April 21, 1958.) The statute does not purport to place a limitation on the period in which a warrant may be served (or executed), and the law is well settled that a warrant issued within the maximum term of the original sentence may be served after the parole violator has served a second sentence imposed while he was on parole. Taylor v. Simpson, 10 Cir. 1961, 292 F.2d 698; Johnson v. Wilkinson, 5 Cir. 1960, 279 F.2d 683; Johnson v. United States, 4 Cir. 1956, 234 F.2d 813; Neal v. Hunter, 10 Cir. 1949, 172 F.2d 660. This is so even though the warrant is not served until after the expiration of the maximum term in which it could be issued. Teague v. Looney, 10 Cir. 1959, 268 F.2d 506; United States ex rel. Jacobs v. Barc, 6 Cir. 1944, 141 F.2d 480; United States v. Gernie, S.D.N.Y.1964, 228 F.Supp. 329, 333–334. Moreover, by violating his parole, a prisoner is viewed as no longer being in actual or constructive custody under his first sentence and cannot successfully argue that service under the second sentence should be credited to the first or run concurrently with it. Zerbst v. Kidwell, 1938, 304 U.S. 359, 58 S.Ct. 872, 82 L.Ed. 1399, 116 A.L.R. 808; Anderson v. Corall, 1923, 263 U.S. 193, 44 S.Ct. 43, 68 L.Ed. 247; Mock v. United States Board of Parole, 1965, 120 U.S. App.D.C. 248, 345 F.2d 737; Woykovsky v. Chappell, 1964, 119 U.S.App.D.C. 8, 336 F.2d 927; Johnson v. Wilkinson, supra; Neal v. Hunter, supra. Finally, by violating parole, a prisoner forfeits all credit for good conduct time accumulated prior to release and all credit for time on parole, and must serve the full unexpired term of the original sentence. 18 U.S.C. § 4205; Weathers v. Willingham, 10 Cir. 1966, 356 F.2d 421; Frierson v. Rogers, 5 Cir. 1961, 289 F.2d 234; Stevenson v. United States, W.D.Mich.1966, 250 F. Supp. 859. Here appellant's full 634-day sentence began to run on July 25, 1965, the date he was returned "to the custody of the Attorney General under said warrant," pursuant to 18 U.S.C. § 4205. The response states that with good conduct he will be eligible for release on November 24, 1966. No substantial constitutional question is presented.

The judgment of the District Court is affirmed.

Affirmed.