Alex **BUCHANAN**, Appellant,

v.

**Olin G. BLACKWELL**, Warden, United States Penitentiary, Atlanta, Georgia, Appellee.

No. 23927.

United States Court of Appeals
Fifth Circuit.

Feb. 15, 1967.

Alex Buchanan, pro se.

Thomas K. McWhorter, Asst. U. S. Atty., Charles L. Goodson, U. S. Atty., Robert L. Smith, Asst. U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and BELL and GOLDBERG, Circuit Judges.

TUTTLE, Chief Judge:

Appellant was convicted and sentenced on May 15, 1958, by the United States District Court for the Western District of North Carolina to serve a total of five years imprisonment for breaking and entering a Post Office in violation of 18 U.S.C.A. § 2115. After serving his five year sentence less good time credits, he was released from federal prison, pursuant to 18 U.S.C.A. § 4163, on September 25, 1961.

Some ten months later, on July 29, 1962, appellant was arrested and charged with a state criminal offense in Tennessee. When he reported to his federal parole officer on October 1, 1962, he was shown a warrant, issued by the United States Board of Parole, charging him with violating the conditions of his release on the federal sentence of May 15, 1958. On October 29, 1962, he was tried and convicted on the state charge, and sentenced to five years imprisonment in the Tennessee State Penitentiary. Upon his release from state prison on December 29, 1965, he was returned to federal custody under the warrant issued by the United States Board of Parole in 1962, and incarcerated in the United States Penitentiary at Atlanta, Georgia, to complete service of his 1958 federal sentence.

On June 14, 1966, appellant petitioned the United States District Court for the Northern District of Georgia for a writ of habeas corpus, asserting vigorously (albeit mistakenly)[1] that under the rule

1. Appellant's reliance upon Birch v. Anderson is misplaced. That case holds only that the Board of Parole has no authority to *issue* a warrant for a mandatory release during the terminal one hundred eighty days of his sentence, for the obvious reason that a mandatory release is no longer "deemed as if released on parole" (18 U.S.C.A. § 4164) once that terminal period begins, and thus is not thereafter subject to Board supervision. As will be seen, that holding offers no support for appellant's claim.

of Birch v. Anderson, 123 U.S.App.D.C. 153, 358 F.2d 520 (1965), the Parole Board lost its power over him by failing to execute its warrant before November 15, 1962—the date upon which the terminal 180 day period of his full five year sentence of May 15, 1958, would have begun. In a memorandum opinion, the District Court denied appellant's petition, but granted his motion for leave to appeal in forma pauperis. The case is submitted on the record and the briefs of both parties, without oral argument.

■ At the outset, we point out that the authority of the Board of Parole to *issue* the warrant here involved is clear. At the time of his release from federal prison on September 25, 1961, appellant had completed service of his original five year federal sentence less good time credits, and was thus a mandatory release under 18 U.S.C.A. § 4163. As such, he was subject to the provisions of 18 U.S.C.A. § 4164, which states:

> "A prisoner having served his term or terms less good-time deductions *shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.*" (Emphasis added.)

Appellant's "maximum term less one hundred and eighty days" under the five year sentence of May 15, 1958, did not expire until November 15, 1962. Consequently, appellant occupied the status of a parolee when the Parole Board, prior to October 1, 1962, exercised the authority granted to it by 18 U.S.C.A. § 4205, which provides:

> "A warrant for the retaking of any United States prisoner who has violated his parole, may be *issued* only by the Board of Parole or a member thereof and *within the maximum term or terms for which he was sentenced.*" (Emphasis supplied.)

■ The illegality, then, in appellant's present detention, if any there be, must arise from the fact that *execution* of the Parole Board's warrant was delayed until after the time when its power to treat with him as a parolee normally would have expired (that time being maximum sentence less one hundred and eighty days—November 15, 1962, in this case). The contention that such a delay vitiates the Parole Board's authority to require service of the unexpired term of a sentence was recently answered by this Court in Smith v. Blackwell, 367 F.2d 539 (5 Cir. 1966):

> "Appellant in his petition fails to distinguish between the terms 'issuance' of a warrant and 'service' (or 'execution') of a warrant. He contends that 18 U.S.C. § 4205 requires that a parole violator warrant be issued and served within the maximum term for which the violator was sentenced. That statute, however, applies only to the issuance of a warrant * * * The statute does not purport to place a limitation on the period in which a warrant may be served (or executed), and the law is well settled that a warrant issued within the maximum term of the original sentence may be served after the parole violator has served a second sentence imposed while he was on parole * * * This is so even though the warrant is not served until after the expiration of the maximum term in which it could be issued * * Moreover, by violating his parole, a prisoner is viewed as no longer being in actual or constructive custody under his first sentence and cannot successfully argue that service under the second sentence should be credited to the first or run concurrently with it. * * * Finally, by violating parole, a prisoner forfeits all credit for good conduct time accumulated prior to release and all credit for time on parole, and must serve the full unexpired term of the original sentence. 18 U.S.C. § 4205 * * *."

The only material difference between the facts in Smith v. Blackwell and those presented here is that Smith was a parolee, while appellant was a mandatory releasee, by virtue of 18 U.S.C.A. § 4164. But that distinction is of no avail to appellant here, for the Board's warrant for

his retaking concededly was issued prior to October 1, 1962—well in advance of the beginning of the terminal one hundred and eighty day period of his original five year sentence on November 15, 1962. Since the warrant was issued at a time when appellant was by statute "deemed as if released on parole" (18 U.S.C.A. § 4164), the reasoning employed in Smith v. Blackwell is fully applicable to the case at bar. Accordingly, the judgment of the district court was correct, and is

Affirmed.