**John D. CLARK, Jr., Appellant,**

v.

**Olin G. BLACKWELL, Warden, Appellee.**

**No. 24078.**

United States Court of Appeals
Fifth Circuit.

March 23, 1967.

---

1. Pub.L. 89–97, Title III, § 332, 79 Stat. 403.

■ The situation here is different. 18 U.S.C.A. § 4205 controls and provides that the time spent on parole shall not diminish the sentence where a prisoner has violated his parole and is required to serve the remainder of his sentence. See Smith v. Blackwell, Warden, 5 Cir., 1966, 367 F.2d 539; and cf. Buchanan v. Blackwell, Warden, 5 Cir., 372 F.2d 451.

■■ There is also no merit in the further contentions that federal jurisdiction was lost by surrender of custody to the state to serve the intervening sentence, or that appellant was deprived of due process by the ensuing delay in executing the warrant.

Affirmed.

---

John D. Clark, Jr., pro se.

Theodore E. Smith, Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before BROWN, MOORE,* and BELL, Circuit Judges.

PER CURIAM.

Appellant was released on parole with 1,475 days remaining to be served on a federal sentence. He was later taken into custody on a parole violator warrant and returned to a federal penitentiary to serve the remainder of his sentence. There was a delay in executing the warrant because appellant was serving an intervening state sentence. He claims credit on his federal sentence for the time spent on parole. His view is that he was in custody while on parole, citing Jones v. Cunningham, 1963, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285. That case stands for the proposition that a prisoner is at least sufficiently in custody while on parole to support a petition for the writ of habeas corpus.