**Richard T. LYNCH, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 27416

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

Aug. 5, 1969.

Richard T. Lynch, pro se.

Theodore E. Smith, Asst. U. S. Atty., John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, THORNBERRY and MORGAN, Circuit Judges.

PER CURIAM:

█ Appellant, who is confined in a federal penitentiary, challenges the right of the government to deny him credit for the accumulated good conduct time he earned prior to release on parole and his violation thereof.[1]  See 18 U.S.C. § 4161.

The appellant contends that 18 U.S.C. § 4165 is the sole statutory authority whereunder his good time credits can be forfeited.  That section provides for forfeiture in event of misconduct by a convict while he is imprisoned.

█ The statute which governs the appellant's case is 18 U.S.C. § 4207, providing in pertinent part as follows:

> If such order of parole shall be revoked and the parole so terminated, the said prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced.

See also 18 U.S.C. § 4205.

The appellant does not contend that he was denied administrative due process nor that his parole was revoked without good cause, although he mentions that state burglary charges which resulted from his actions while on parole have been dismissed.

The appellant failed to allege grounds which would entitle him to relief.  *See* Clark v. Blackwell, 5th Cir. 1967, 374 F.2d 952; Buchanan v. Blackwell, 5th Cir. 1967, 372 F.2d 451; Smith v. Blackwell, 5th Cir. 1966, 367 F.2d 639; Smoake v. Willingham, 10th Cir. 1966, 359 F.2d 386; Wooten v. Wilkinson, 5th Cir. 1959, 265 F.2d 211.  Therefore, the district court did not err in denying the habeas corpus petition.

Affirmed.

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on

the Summary Calendar and to notify the parties in writing.  *See,* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804.