James Edward GARNETT, Plaintiff-Appellant,

v.

Olin G. BLACKWELL, Warden, United States Penitentiary, Defendant-Appellee.

No. 28549.

United States Court of Appeals, Fifth Circuit.

March 20, 1970.

James Edward Garnett, in pro. per.

Charles L. Goodson, U. S. Atty., Charles B. Lewis, Jr., Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, and MORGAN and INGRAHAM, Circuit Judges.

PER CURIAM:

The appeal is taken from an order of the district court denying the writ of habeas corpus. We affirm.[1]

Appellant is presently incarcerated in the federal penitentiary at Atlanta for violations of 18 U.S.C. §§ 471, 472, and 708, passing and forging United States treasury checks and stealing mail. He was sentenced on January 21, 1959, to ten (10) years imprisonment.

Appellant was twice released pursuant to the mandatory release provisions of 18 U.S.C. § 4163. On both occasions he violated the terms of release and was retaken on a parole violator warrant be-

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.

fore the minimum supervisory period had expired. In both instances the parole board held that he had forfeited all prior accumulated good time. Appellant filed his petition in the district court claiming his right to immediate release on grounds that his sentence had expired. The court denied the petition stating that appellant, having violated the terms of his conditional release, is not entitled to credit for the time on parole and must serve the unexpired term of his sentence.

A convict who is granted conditional release pursuant to § 4163 is considered as if released on parole. 18 U.S.C. § 4164. Buchanan v. Blackwell, 5th Cir. 1967, 372 F.2d 451. If he violates these conditions and is required to serve the remainder of his sentence, the time spent on parole shall not diminish the sentence. 18 U.S.C. § 4205; Clark v. Blackwell, 5th Cir. 1967, 374 F.2d 952; Buchanan v. Blackwell, supra; Smith v. Blackwell, 5th Cir. 1966, 367 F.2d 539. The judgment is affirmed.

Affirmed.