

W. W. Pounders, Jr., in pro. per.

Jack P. F. Gremillion, Atty. Gen. of Louisiana, Baton Rouge, La., for defendants.

WEST, Chief Judge:

This is an action brought by sixteen inmates of Louisiana State Penitentiary, seeking a declaratory judgment to the effect that a Louisiana statute, LSA–R.S. 15:574.9(E) is violative of the United States Constitution. They demand a statutory three judge court to make this holding and to issue an injunction prohibiting the enforcement of this statute.

The statute in question reads as follows:

"E. When the parole of a parolee has been revoked by the board for the violation of the conditions of parole, the parolee shall be returned to the institution from which he was paroled to serve the remainder of his sentence as of the date of his release on parole, subject to consideration by the board of any commutation of the sentence, the time he had served prior to his parole, and any diminution of sentence earned for good behavior while in the institution." LSA–R.S. 15:574.9(E).

It is the petitioners' sole contention that the failure of the State of Louisiana to give inmates credit for time

spent on parole in the event of the revocation of their parole constitutes unconstitutional action.

A statutory three judge court as provided for in Title 28, United States Code, Section 2281, et seq., is only required when there is a "substantial constitutional question" involved. If the judge to whom the case is allotted believes such a substantial constitutional question is involved, it is incumbent upon him to request of the Chief Judge of the Circuit that a three judge court be empanelled. On the other hand, if it is obvious on the face of the pleadings that no such "substantial" constitutional question is involved, there is no requirement that the district judge request the empanelling of such a three judge court.

In the present case, this Court concludes, from the face of the pleadings, that not only is there no "substantial" constitutional question involved, it concludes that there is obviously no claim involved upon which either this single judge court or a statutory three judge court could grant relief.

Not only does the State of Louisiana deny credit for time served on parole in the event of a revocation of parole, but so also does the United States. Title 18, United States Code, Section 4205, provides:

"A warrant for the retaking of any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

In the case of Clifton v. Beto, 298 F. Supp. 1384 (S.D.Tex.—1968), the Court examined this same question. In the course of its decision it stated:

"Petitioner's second ground, i. e., that he is entitled to credit for the time spent out of custody, is likewise without merit. It is well settled that a prisoner who is pardoned or paroled may be compelled to serve, without violation of his constitutional rights, all of the time he was out of custody if he violates the conditions of his release." (Citing cases.)

In another, more recent case, the United States Court of Appeals for the Seventh Circuit answered a constitutional challenge to Title 18, United States Code, Section 4205 as follows:

"Petitioner's remaining contention that 18 U.S.C. § 4205 is unconstitutional insofar as it requires him to re-serve the time spent on release was previously rejected by this Court in Dolan v. Swope, 138 F.2d 301 (7th Cir. 1943), and we see no reason or intervening change in the law requiring us to depart therefrom." (Citing cases.) Moore v. Smith, 412 F.2d 720 (CA 7—1969).

This same proposition of law was followed by the United States Court of Appeals for the Fifth Circuit in the very recent case of Garnett v. Blackwell, 423 F.2d 1211 (C.A. 5—March 20, 1970).

Thus, it appearing conclusively from the face of the pleadings filed herein that not only is a statutory three judge court not required in this case, but that also, the complaint fails, on its face, to state a claim upon which relief could be granted by this Court, the Court, on its own motion, will dismiss this suit, with prejudice, and judgment will be entered accordingly.