**James David WILLIAMS, Petitioner-Appellant,**

v.

**U. S. BOARD OF PAROLES, Respondent-Appellee.**

**No. 29596**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 24, 1970.

James David Williams, pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the District Court denying the petition of a federal prisoner for a writ of habeas corpus without first holding an evidentiary hearing. We affirm.[1]

Appellant was sentenced on March 21, 1966, to three years imprisonment for mail theft, a violation of 18 U.S.C.A. §

---

1. We dispose of this case on the briefs and record, without oral argument, as provided by our Local Rule 18.

1708. After serving 19 months on his sentence, he was released on parole on October 25, 1967. On March 22, 1968, a parole violation warrant was issued, but was not executed as will be seen. On February 14, 1969, appellant was arrested on charges of interstate transportation of a forged security, a violation of 18 U.S.C.A. § 2314. He was released on bond on March 20, 1969, but was arrested on the parole violator warrant the next day which happened to be the day following the expiration of the maximum three year sentence. On May 6, 1969, the parole board revoked parole and held forfeited all accumulated good time. Appellant was subsequently convicted on his plea of guilty on the forged security charge, and was sentenced to one year imprisonment to run consecutive to his unexpired sentence.

In his habeas petition, appellant challenged the validity of executing the parole violation warrant subsequent to the expiration of the maximum term of the sentence. He also contended that good time earned prior to his being paroled should not have been forfeited.

■■■ The district court correctly held that 18 U.S.C.A., § 4205 requires that a parole violator warrant be issued within the maximum term to which the violator was sentenced, but it does not require that the warrant be served within that time. Buchanan v. Blackwell, 5 Cir., 1967, 372 F.2d 451; Smith v. Blackwell, 5 Cir., 1966, 367 F.2d 539. That is the case here. Thus the execution of the warrant in issue was valid.

■ Nor is appellant entitled to have his earned good time reinstated. When a parolee has violated the terms of his release, the Board of Parole may revoke his earned good time and require him to serve the full unexpired term of his original sentence. 18 U.S.C.A. § 4207; Smith v. Attorney General, 5 Cir., 1969, 420 F.2d 488; Lynch v. United States, 5 Cir., 1969, 414 F.2d 281.

Affirmed.