**Anthony J. BLANCHARD, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 30111**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

. Oct. 12, 1970.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the District Court denying the petition of a federal convict for the writ of habeas corpus. We affirm.

Appellant is presently serving a ten year sentence for violations of federal narcotics laws. On September 5, 1968, he was released under the mandatory release provisions of Title 18 U.S.C. § 4163 with 1,422 days remaining to be served. On January 2, 1970, appellant was arrested on a mandatory release violator's warrant and returned to confinement.

In his habeas petition appellant contends that his release under § 4163 is irrevocable since he had in essence completed his sentence as of the date he was released from prison. He further challenges the revocation of his good time earned prior to his release.

 It is well settled that under 18 U.S.C. § 4164 a convict who is granted conditional release pursuant to § 4163 is considered as if released on parole. Garnett v. Blackwell, 5 Cir., 1970, 423 F.2d 1211; Buchanan v. Blackwell, 5 Cir., 1967, 372 F.2d 451; Frierson v. Rogers, 5 Cir., 1961, 289 F.2d 234. Where the conditions of parole are violated, he may be required to serve the remainder of his sentence and the time spent on parole shall not diminish the sentence. 18 U.S.C. § 4105; Garnett v. Blackwell, supra; Lynch v. United States, 5 Cir., 1969, 414 F.2d 281; Clark v. Blackwell, 5 Cir., 1967, 374 F.2d 952, 953. Further, all or any part of his earned good time may be revoked. Smith v. Attorney General, 5 Cir., 1969,

* Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir., 1970, 431 F.2d 409, Part I.

**14**

420 F.2d 488; Lynch v. United States, supra; Smith v. Blackwell, 5 Cir., 1966, 367 F.2d 539; Frierson v. Rogers, supra.

There being no merit to appellant's contentions, the judgment of the District Court is

Affirmed.