**Charles Layton COX, Petitioner-Appellant,**

v.

**H. D. FELDKAMP, Atlanta Federal Penitentiary, Respondent-Appellee.**

No. 30590
Summary Calendar.[*]

United States Court of Appeals,
Fifth Circuit.

Feb. 4, 1971.

---

1. *See* NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

* ▮ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Charles L. Cox, pro se.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the petition of a federal prisoner to void a parole violator warrant which has been lodged against him.

Charles Layton Cox was released on parole from the federal penitentiary at Terre Haute, Indiana, on October 3, 1966, with 854 days remaining to be served on a five-year sentence. On November 17, 1967, appellant was arrested for robbing a bank by state officials in Milwaukee, Wisconsin and turned over to federal authorities. On November 21, 1967, the United States Board of Parole issued a parole violator warrant. On December 13, 1968, appellant was convicted in the United States District Court for the Eastern District of Wisconsin, of bank robbery in violation of Title 18, U.S.C., Section 2113(d), and was sentenced to 24 years imprisonment. He received credit for 391 days dating from his incarceration on November 17, 1967. The parole violator warrant was returned unexecuted to the parole board

on February 19, 1969, to be executed upon appellant's release from the sentence he is now serving. Appellant filed a petition in the court below to void this warrant because he was not advised of its existence until November 13, 1969, and is being denied his right to a speedy trial. It appears that Cox was not sooner advised of the existence of the parole violator warrant because it had been returned unserved by Wisconsin authorities to the U. S. Board of Parole, and was not lodged in the U. S. Penitentiary in Atlanta, Georgia, until November 3, 1969.

■ It is well settled that a parole violator warrant must be issued before the expiration of the maximum term of sentence for which parole was granted, but need not be served within that time and may be held in abeyance while an intervening sentence is being served. Title 18, U.S.C., Section 4205; Williams v. United States Board of Paroles, 5 Cir. 1970, 428 F.2d 1210; Buchanan v. Blackwell, 5 Cir. 1967, 372 F.2d 451; Smith v. Blackwell, 5 Cir. 1966, 367 F.2d 539.

■ As the district court found, the parole violator warrant against appellant was timely issued and was lodged as a detainer against him. This was a parole violator's warrant, and the right to a speedy trial is not involved.

■ The Parole Board has the administrative power to decide whether or not to allow a sentence for an offense committed while on parole to run concurrent with time to be served on a parole violation. The power of the Board is exclusive. Adams v. United States, 5 Cir. 1970, 432 F.2d 62.

The Board may or may not decide to grant appellant concurrent time on his two sentences, but it is their administrative decision to make. Title 28, Code of Federal Regulations, Section 2.37(c) (1970).

The judgment of the district court is Affirmed.