Clarence E. WOODS, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 71-2228

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 1971.

Clarence E. Woods, pro se.

John W. Stokes, Jr., U. S. Atty., E. Ray Taylor, Jr., Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the district court denying the petition of Woods, a federal prisoner, for the writ of habeas corpus. We affirm.

Woods is serving a six year sentence imposed on February 25, 1966, for interstate transportation of forged securities in violation of 18 U.S.C.A. § 2314. On February 18, 1970, he was released from his sentence on mandatory release pursuant to 18 U.S.C.A. § 4163, with 736 days remaining to be served. On October 27, 1970, a mandatory release violator's warrant was issued after Woods was arrested by Georgia state police and charged with auto theft. The warrant application also charged that Woods had failed to comply with other conditions of his release by failing to submit a month-

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

ly report and failing to report a change in residence. The warrant was executed on December 26, 1970, and a revocation hearing was held on February 24, 1971.

As grounds for habeas corpus relief Woods contends that he was returned to federal custody on a warrant application, not on a warrant; he was not informed of the parole board's decision; there was no probable cause for the warrant; the parole board was biased against him; and the revocation hearing was unreasonably delayed. Woods also contends that he is entitled to credit on his sentence for the time spent on mandatory release, that his accumulated good time cannot be revoked, and his release under 18 U.S.C.A. § 4163 was absolute and irrevocable.

■ The district court found from the record that a warrant was in fact issued and executed, but that even if Woods was served only a copy of the warrant application, it was adequate notice of the violations charged to enable him to prepare a defense. The court below also found that Woods never denied the truth of the charges on which the warrant was based; that he offered no factual allegations to support his contention of bias; and that the two month delay in holding the hearing was not unreasonable. A review of the record reveals no clear error in these findings.

■ It is well settled that Woods is not entitled to credit on his sentence for time spent on mandatory release. Blanchard v. United States, 5 Cir. 1970, 433 F.2d 13; Garnett v. Blackwell, 5 Cir. 1970, 423 F.2d 1211; Clark v. Blackwell, 5 Cir. 1967, 374 F.2d 952. The contention that his earned good time could not be revoked is equally without merit. Smith v. Attorney General, 5 Cir. 1969, 420 F.2d 488; Smith v. Blackwell, 5 Cir. 1966, 367 F.2d 539. Finally, Wood's contention that mandatory release is irrevocable is untenable. Tippit v. Clark, 5 Cir. 1971, 444 F.2d 534; Garnett v. Blackwell, *supra*; Buchanan v. Blackwell, 5 Cir. 1967, 372 F.2d 451.

Affirmed.