McCAIN, Justice:
By petition for writ of habeas corpus, Petitioner alleges that he is entitled to reinstatement of statutory gain-time forfeited upon revocation of his parole and credit on his sentence for the time served while on parole. We issued the writ and required a return. On consideration of the return, we find no cause for the relief sought by Petitioner.
The facts show Petitioner is in Respondent’s custody pursuant to a valid commitment order entered on a conviction of robbery and sentence of 20 years in prison with credit for time spent in jail awaiting sentence. Petitioner was released on parole which was revoked for changing his residence without consent and absconding from supervision in violation of the conditions of his parole. Petitioner was given notice and a preliminary hearing at which he admitted the violations of parole alleged. He was returned to prison and thereafter given notice and a final parole revocation hearing at which he agreed to proceed before one member of the Parole and Probation Commission without counsel. The record clearly shows Petitioner was accorded the minimum requirements of due process guaranteed him by Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). See also Oaks v. Wainwright, 305 So.2d 1 (Fla.1973).
In denying Petitioner the relief sought, we rely on Sections 944.28(1) and 947.23(2), F.S., providing for forfeiture without notice or hearing of all gain-time earned prior to release on parole. See *194 Shiplett v. Wainwright, 198 So.2d 647 (Fla.App.1st 1967). We note, of course, that revocation of Petitioner’s parole in no respect deprives him of the right to gain-time, as provided by Section 944.27, F.S., from the date of his return to prison. We also find no merit in Petitioner’s contention that he is entitled to credit on his sentence for time spent on parole. See Section 947.21, F.S., expressly prohibiting such credit.
Petitioner’s reliance on Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), is misplaced inasmuch as it involved, inter alia, the revocation of good-time credits for misconduct occurring in prison and the minimum due process requirements therefor, not for conditional parole violations voluntarily agreed to where minimum due process has been fully accorded, as here.
For the foregoing reasons, the writ is discharged.
It is so ordered.
ADKINS, C. J., and ROBERTS, OVERTON and ENGLAND, JJ., concur.