322 So.2d 897 (1975)
Kenneth Paul SCHELL, Petitioner,
v.
Louie L. WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 47787.
Supreme Court of Florida.
November 12, 1975.
Kenneth Paul Schell, in pro per.
ROBERTS, Justice.
Petitioner by Petition for Writ of Habeas Corpus seeks credit for the full time he has served on parole toward his sentence.
Petitioner alleges that he has lived in accordance to the rules of parole supervision from July 2, 1974 until March 20, 1975, the latter being the date of his arrest for parole violation. This Court forwarded a copy of the Petition for Writ of Habeas Corpus to the Supervisor of Inmate Records, Division of Corrections, with directions to show cause why petitioner should not receive credit for the time served under parole supervision. We received a response from the Division of Corrections in this and several other causes relating to the same issue which provides in pertinent part:
"Florida Statute 947.21 specifically states that a parole or MCR violator is not entitled for deduction of time spent on parole should that individual violate parole and the parole is subsequently revoked.
"Brumit vs. Wainwright provides that a subject is to receive credit for time from the date of arrest for parole/MCR violation to the date of the revocation of said parole or MCR. This time is now being credited by the Florida Parole and Probation Commission upon revocation.
"I find that the above subject's petitions to be without merit. My opinion on this is based upon present Florida statutes and Brumit vs. Wainwright as I understand them. As to the contentions made in these writs regarding the interpretation of laws, this, of course, is a matter which the courts would have to rule on."
The statutory provision referred to by the Division of Corrections 947.21 which provided:
"947.21. Violations of parole.  A violation of the terms of parole may render the parolee liable to arrest and a return to prison to serve out the term for which he was sentenced. No part of the time *898 he may have been on parole shall in such event, in any manner diminish the time of such sentence. (underscoring supplied.)
was amended by the Legislature during the 1974 legislative session by Chapter 74-112, Laws of Florida, to provide:
"947.21. Violations of parole. 
(1) A violation of the terms of parole may render the parolee liable to arrest and a return to prison to serve out the term for which he was sentenced.
(2) An offender whose parole is revoked may, at the discretion of the commission, be credited with any portion of the time he has satisfactorily served on parole."
The effective date of this statute is July 1, 1974.
Accordingly, after the effective date of Chapter 74-112, Florida Statutes, the question of credit for time satisfactorily served on parole became discretionary with the Parole and Probation Commission and, therefore, not subject to collateral attack.[1] The Petition for Writ of Habeas Corpus is denied without prejudice to petitioner[2] to make application to the Parole and Probation Commission for such relief as the Commission, within its discretion, deems appropriate under 947.21, Florida Statutes (1974).
It is so ordered.
ADKINS, C.J., and BOYD, OVERTON, ENGLAND and SUNDBERG, JJ., concur.
NOTES
[1] Although not material sub judice, we note that by Chapter 75-49, General Laws, 1975, the Legislature transferred all powers, duties and functions of the Parole and Probation Commission, except those relating to the exercise of its quasi-judicial duties and functions, as provided by law, by a type four transfer pursuant to s. 20.06(4) to the Department of Offender Rehabilitation.
[2] Petitioner's revocation occurred after the effective date of Chapter 74-112.