**Clifton L. LASHLEY, Petitioner,**

v.

**STATE OF FLORIDA et al.,
Respondents.**

**No. 76–125–Civ–J–S.**

United States District Court,
M. D. Florida,
Jacksonville Division.

May 18, 1976.

---

Clifton L. Lashley, pro se.

ORDER

CHARLES R. SCOTT, District Judge.

Petitioner filed his *pro se* petition for writ of habeas corpus on February 13, 1976. He alleged that he was subjected to double jeopardy when after what he termed "15 successful months on parole," his parole was revoked by the Florida Parole and Probation Commission. He is now compelled to serve the remainder of his sentence without credit for the fifteen months spent on parole; and he has forfeited all of the gain time which he had accumulated while he was in prison prior to his parole.

The question presented is whether such terms of parole revocation constitutes double jeopardy under the Fifth Amendment.

To begin with, Fla.Stat. Sec. 947.21(1) and (2) provides:

(1) A violation of the terms of parole may render the parolee liable to arrest and a return to prison to serve out the term for which he was sentenced.

(2) An offender whose parole is revoked may, at the discretion of the commission, be credited with any portion of the time he has satisfactorily served on parole.

Under Florida law, there is no right to parole: it is a matter of grace, not of right. *Dear v. Mayo,* 153 Fla. 164, 14 So.2d 267 (1943). Similarly, under federal law, one is not entitled to parole, so that the denial of it does not require procedural due process. *Brown v. Lundgren,* 528 F.2d 1050, 1052–53 (5th Cir. 1976). Despite the view of the dissent in *Brown v. Lundgren, supra,* at 1055, the holding was not that there is a distinction between federal rights and privileges with respect to parole. See *Lynch v. Household Finance Corp.,* 405 U.S. 538, 542, 92 S.Ct. 1113, 1116, 31 L.Ed.2d 424, 429 (1971). Rather, the holding of *Brown v.*

852

*Lundgren* was merely the old and familiar principle of constitutional law that one who does not have something, and who has no right to demand it, has no right to procedural due process over a decision not to grant it to him.

 On the other hand, one who is granted parole has a right to basic procedural due process if that liberty interest is revoked. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Brown v. Lundgren, supra,* at 1053. If he has received procedural due process, and if revocation of his parole is justified, an inmate has no right under federal or state law to insist upon having the time spent on parole, which was a matter of grace, credited to the time that he must serve on his sentence, which was always obligatory anyway. *Clark v. Blackwell,* 374 F.2d 952, 953 (5th Cir. 1967); *Van Horn v. Maguire,* 328 F.2d 585, 586 (5th Cir. 1964); *Johnson v. Wilkinson,* 279 F.2d 683, 684 (5th Cir. 1960); *Whitten v. Bennett,* 141 F.2d 295, 298 (7th Cir. 1944); *Perry v. Bensinger,* 362 F.Supp. 195, 197 (N.D.Ill.1973); *Schell v. Wainwright,* 322 So.2d 897, 898 (Fla.1975); *Sharretts v. Wainwright,* 312 So.2d 193, 194 (Fla. 1975); *Gibbs v. Wainwright,* 302 So.2d 175, 177 (2d D.C.A.Fla.1974). Clearly, under Fla.Stat. Sec. 947.21, the matter is purely one of discretion with the Parole and Probation Commission, not of right to an inmate. *Schell v. Wainwright, supra,* at 898. The Court thus holds that the Florida statute which gives to the State Parole and Probation Commission the discretion to credit or not to credit to an inmate's sentence the time spent on parole, if his parole is revoked, is incontrovertibly constitutional and does not constitute double jeopardy: it merely affords to the Commission the discretion to count or not to count that which an inmate had no right to anyway.

 Under federal law, 18 U.S.C. Sec. 4205, as well as Florida law, Fla.Stat. Sections 947.21 and 947.23(2), by violating parole, an inmate not only is obligated to serve the full unexpired term of his original sentence, without any credit for his time on parole; he also forfeits all of his accumulated gain time for good conduct. *Woods v. United States,* 449 F.2d 740, 741 (5th Cir. 1971); *Blanchard v. United States,* 433 F.2d 13 (5th Cir. 1970); *Garnett v. Blackwell,* 423 F.2d 1211, 1212 (5th Cir. 1970); *Smith v. Attorney General,* 420 F.2d 488, 489 (5th Cir. 1969); *Smith v. Blackwell,* 367 F.2d 539, 541 (5th Cir. 1966); *Sharretts v. Wainwright,* 312 So.2d 193 (Fla.1975); *Gibbs v. Wainwright,* 302 So.2d 175, 177 (2d D.C.A. Fla.1974). The Court therefore holds that there is no double jeopardy to an inmate when, upon revocation of his parole, he forfeits all of his accumulated gain time; and the statute which authorizes such is indisputably constitutional.

Accordingly, the petition for writ of habeas corpus must be denied, and this case dismissed; and it is so ordered.