Leon LAZARD, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 78–1852

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 2, 1978.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Leon Lazard, pro se.

William L. Harper, U. S. Atty., William E. Turnipseed, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM.

This appeal is taken from a dismissal by the District Court for the Northern District of Georgia of a petition for a writ of habeas corpus, writ of mandamus, writ of prohibition or declaratory judgment.

Appellant, an inmate at the Atlanta Federal Penitentiary, was sentenced to ten years imprisonment in October, 1965, for violation of the narcotics laws. Pursuant to 18 U.S.C. §§ 4161–4166, he was given a mandatory release in October, 1971, for good time earned. In March, 1974, the United States Parole Commission (hereinafter U.S.P.C.) issued a mandatory release violator's warrant following appellant's convictions in a Louisiana State Court for possession of heroin and carrying a concealed weapon. Appellant was released in June, 1977, to the custody of the Attorney General pursuant to the violator warrant issued by the U.S.P.C., and reincarcerated in the Atlanta Federal Penitentiary to serve out the remainder of his original sentence.

The appellant has essentially three contentions, none of which contain significant merit.

First, the appellant contends that because he was convicted under a statute[1]

which does not provide for parole, the U.S. P.C. has no jurisdictional authority to issue a mandatory release violator's warrant. Therefore, he argues that his reincarceration is illegal insofar as the execution of the warrant caused it. We cannot agree. Title 18 U.S.C. § 4164 provides unequivocally that:

[a] prisoner having served his term or terms less good-time deductions shall, upon release, *be deemed as if released on parole* until the expiration of the maximum term or terms for which he was sentenced . . . .. (emphasis added).

Therefore, even though the appellant was mandatorily released in October, 1971, he still fell under the supervision and control of the U.S.P.C. until April, 1975, 180 days prior to the termination of his ten-year sentence. See e. g. *Coronado v. United States Board of Parole*, 540 F.2d 216, 217–18 (5th Cir. 1976); *Blanchard v. United States*, 433 F.2d 13 (5th Cir. 1970), cert. denied, 401 U.S. 959, 91 S.Ct. 989, 28 L.Ed.2d 244 (1971); *Garnett v. Blackwell*, 423 F.2d 1211, 1212 (5th Cir. 1970). Being subject to the supervision and control of the U.S.P.C., it was entirely proper for that authority to issue a violator's warrant for the violation of a condition of his release, i. e., the conviction of a subsequent state offense for which he was sentenced one to three years. *Tirado v. Blackwell*, 379 F.2d 619, 620 (5th Cir. 1967), cert. denied, 390 U.S. 992, 88 S.Ct. 1186, 19 L.Ed.2d 1301 (1968); *Buchanan v. Blackwell*, 372 F.2d 451, 452 (5th Cir. 1967). Clearly, jurisdiction of the U.S.P.C. over an individual is not dependent upon that individual's eligibility for parole. Furthermore, it is well settled that once the appellant's release was revoked because of his violation of its conditions, the U.S.P.C. had the authority to forfeit the appellant's good-time credit as well as credit for time spent on conditional release. *Coronado v. United States, supra* at 218; *Hemming v. United States Bureau of Prisons*, 472 F.2d 1221, 1222 (5th Cir. 1973); *Smith v. Blackwell*, 367 F.2d 539, 541 (5th Cir. 1966).

1. 26 U.S.C. §§ 4704, 4705.

Second, the appellant asserts that he was entitled upon release to a "certificate of discharge," under 18 U.S.C. § 4163. This section, however, provides not for a "certificate of discharge," but instead for a "certificate of . . . deduction." A "certificate of . . . deduction" is in essence evidence of permission for a prisoner to serve the balance of his term outside the prison because of good-time allowances. The "certificate of discharge" provided for in 18 U.S.C. § 4210(f) did not exist at the time of the appellant's mandatory release, and furthermore it can only be issued following the termination of the U.S.P.C. jurisdiction over the offender.

Finally, the appellant argues that there has been an *ex post facto* application of 18 U.S.C. § 4210(b)(1). This contention must also fail. The magistrate's opinion, adopted by the district court, merely referred to that section as additional support for his interpretation that 18 U.S.C. § 4164 provides the U.S.P.C. with jurisdiction over prisoners released under that section.

The decision of the district court is AFFIRMED.